TUCKER, SECRETARY OF STATE *v.* MUESING ET AL.

[No. 27,663.   Filed February 27, 1942.]

528

*George N. Beamer,* Attorney General, *James K. Northam,* First Assistant Attorney General, and *Obed T. Kilgore,* Deputy Attorney General, for appellant.

*Othniel Hitch,* of Indianapolis, for appellees.

.PER CURIAM.—This is an appeal from a declaratory judgment of the Marion Circuit Court holding invalid chapter 220 of the Acts of the General Assembly of 1941, page 661, and chapter 181 of the Acts of the General Assembly of 1941, page 551.

The title to chapter 220 is as follows: "An Act to repeal an act entitled 'An act providing for the licensing, registration and payment of fees by the owners and operators of motor vehicles,' approved March 11, 1937; to repeal an act entitled 'An act concerning the payment of fees by the owners and operators of motor vehicles for hire,' approved March 8, 1933; to repeal an act entitled 'An act to amend the title and Sections 1, 2, 3, 5, 7, 8 and 9 of an act entitled "An act concerning the payment of fees by the owners and operators of motor vehicles for hire," approved March 8, 1933, and to further amend said act by adding three additional sections to be numbered 6a, 6b, and 6c, and declaring an emergency,' approved March 13, 1935; and declaring an emergency."

Sections 2, 3, and 4 repeal the acts referred to in the title.

Section 1 purports to amend "Section 3 of the first above entitled act." This in terms refers to the act of March 11, 1937, but counsel for both parties agree that this is an inadvertence, and that section 1 was, in fact, an attempt to amend section 3 of chapter 271, Acts of 1937. In any event, section 1 of chapter 220 is entirely without the title of the act of which it is a part, and therefore in violation of Article 4, Section 19 of the Constitution of the State of Indiana, which reads as follows: "Every act shall embrace but one subject and matters properly connected therewith; which subject shall be expressed in the title. But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title."

It is contended herein that even though section 1 is invalid, the other sections may stand.

The subject of the above provision of the Constitution is the sufficiency of titles to sustain legislation, and it does not undertake to enumerate other grounds upon which legislation may be declared invalid. The last sentence of the section declares, in effect, that if a part of an act must fall for want of a sufficient title, that which remains need not fall for that reason, providing the latter part of the act is within the title. If, however, a part of an act is invalid for any reason, the court is required to determine whether that which remains is severable before it can be sustained. This inquiry is wholly independent of the sufficiency of the title.

When a portion of an act is stricken down as unconstitutional, the court is confronted with the problem of determining not only that the remainder of the act is workable, but that there remains such a law as the Legislature intended to enact. If the part stricken down is an integral part of the statute essential to the apparent legislative scheme and plan affecting the subject-matter dealt with in such a substantial manner that to leave the remaining portions stand would accomplish a result not intended by the Legislature, then the entire law must fail. It follows that the problem of separability is primarily a problem of determining the legislative intent. *Ettinger et al. v. Studevent* (1942), ante, p. 406, 38 N. E. (2d) 1000.

The acts sought to be repealed by chapter 220 deal with revenue from motor trucks. The revenue would fail with the repeal of the statutes. Section 1 provides for raising similar revenue. These facts alone would raise some question as to whether the Legislature intended to repeal an act creat-

ing substantial public revenue without substituting other revenue therefor. But we are not dependent on speculation.

The intent was made clear by section 5 of the act, reading as follows: "If any section, clause, part or provision of this act is declared to be unconstitutional or invalid for any reason whatsoever, it is hereby declared that this entire act shall be invalid and any other law or laws which would have been affected by this act shall remain in full force and effect." This section manifests a legislative intent that the acts referred to in sections 2, 3, and 4 are to be repealed only if the amendment attempted in section 1 should become effective and thereby provide a substitute method for licensing trucks.

Chapter 181 of the Acts of 1941 is entitled: "An Act to repeal an act entitled 'An act providing for the licensing, registration and payment of fees by the owners and operators of motor vehicles,' approved March 11, 1937, and declaring an emergency." Section 1 of this act specifically follows the language of the title, and section 2 provides that it shall be effective on the 1st day of January, 1942. Nothing appears on the face of the act that would indicate its invalidity. It is contended, however, that chapter 181 is repugnant to the later expression of the legislative intent as stated in chapter 220, which latter chapter expressly states that chapter 255 of the Acts of 1937 should be repealed only in the event the licensing provisions in section 1 of chapter 220 should become the law.

Chapter 181 is complete in itself, unambiguous, and on its face bears no direct relationship to chapter 220. In case of ambiguity in statutes, there are certain rules of construction to which the court resorts in arriving

at the intention of the Legislature, but such rules have no application to a statute that is free from ambiguity. The language of chapter 181 is not subject to interpretation. The express intention to repeal is unqualified. To interpret the act as intended to be effective only in case section 1 of chapter 220 is effective would be to add an intention that cannot be found within the four corners of either act.

Chapter 181 is limited to the repeal of a specific statute. The same statute is repealed by chapter 220. If it was intended that chapter 181 was to be effective only if chapter 220 is upheld, chapter 181 was intended to accomplish nothing and to be a nullity. We cannot ascribe such an intention to the Legislature.

Our conclusion is that chapter 220, Acts 1941, is unconstitutional in its entirety, and that chapter 181 is a valid act.

Judgment reversed, with instructions to the trial court to set aside the judgment heretofore entered, and to render judgment in accordance with this opinion.

NOTE.—Reported in 39 N. E. (2d) 738.