HARRY L. SHARP; NORMAN L. MILLER ET AL. *v.*
CITY OF MISHAWAKA ET AL.

[No. 971S286. Filed November 28, 1972.]

*Isadore D. Rosenfeld, Paul J. Schwertley,* of South Bend, for appellants.

*R. Wyatt Mick, Jr.,* of Mishawaka, for appellees.

DEBRULER, J.—The Common Council of the City of Mishawaka, St. Joseph County, Indiana, adopted annexation ordinances number 1342 and 1343, by which is sought to add two new areas of adjoining land to the city. These two ordinances were duly and regularly adopted by the Council, subsequently approved by the mayor, and published pursuant to Acts 1905, as last amended by Acts 1955, ch. 269, § 1, being Burns Ind. Stat. Ann. § 48-701.

Remonstrators to each of these ordinances filed their remonstrance and complaint by way of appeal in separate actions in the St. Joseph Superior Court, pursuant to Acts 1905, as amended by Acts 1955, ch. 269, § 3, being Burns Ind. Stat. Ann. § 48-702.

The trial court ordered the two actions consolidated for the purpose of trial, record and appeal, pursuant to TR. 42.

Burns § 48-702, *supra,* states that when an appeal is taken to a court from the decision of a city council to annex territory the judge of that court shall first make determinations as to the following:

"(a) The annexation is in the best interests of the city and of the territory sought to be annexed.

(b) The area is urban in character, being an economic and social part of the annexing city.

(c) The terms and conditions set forth in the ordinance are fair and just.

(d) The city is financially able to provide municipal services to the annexed area within the reasonably near future.

(e) The area sought to be annexed, if undeveloped, is needed for development of the city in the reasonably near future.

(f) The lines of the annexation are so drawn as to form a compact area abutting the municipality."

Judge F. Kenneth Dempsey of the St. Joseph County Superior Court found that subsections "a", "c", "d" and "e" of § 48-702 required him to make determinations which were of a non-judicial nature and therefore were in conflict with Art. 3, § 1 of the Indiana Constitution. That Article is expressive of the State doctrine of separation of powers and provides:

"The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

He further determined that he did have judicial power to make findings upon primary determinants designated as subsections "b" and "f" and made affirmative findings in support of these two determinants, and permitted the annexation to take place. This judgment is tantamount to deciding subsection "a", "c", "d" and "e" are unconstitutional, as well as deciding that the statute is separable and that the remainder of the annexation statute left after excising subsections "a", "c", "d" and "e" therefrom, remains valid, and should be separately enforced.

In this appeal appellant remonstrators do not challenge the correctness of the trial court's judgment that the requirements of subsections "a", "c", "d" and "e" of Burns § 48-702 violate the separation of powers doctrine. No arguments are presented in the briefs on this issue. We therefore likewise

assume the validity of the trial court's decision of unconstitutionally for the purposes of this case. Instead, appellants rest their entire appeal upon the contention that the court erred in determining that the statute involved is separable and that the valid remaining part of it should be separately enforced.

The test of severability is expressed in *Dorchy* v. *State of Kansas* (1924), 264 U.S. 286, 44 S. Ct. 323:

"A statute bad in part is not necessarily void in its entirety. Provisions within the legislative power may stand if separable from the rest. . . . But a provision, inherently unobjectionable, cannot be deemed separable unless it appears both that, standing alone, legal effect can be given to it and that the legislature intended the provisions to stand, in case others included in the act and held bad should fall." 264 U.S. at 289-290.

This test has been adopted and applied by this Court. In *State* v. *Kuebel* (1960), 241 Ind. 268, 172 N. E. 2d 45, we said:

"[Issue of severability] rests ultimately upon a judicial determination of the legislative intent.

"In determining the legislative intent we may properly consider the object which the Legislature sought to accomplish, but the test of severability is whether or not the Legislature would have passed the statute had it been presented without the invalid features. 2 Sutherland Statutory Construction, 3d ed., § 2404, p. 179." 241 Ind. at 278.

In accord are *W. A. Barber Grocery Co.* v. *Fleming* (1950), 229 Ind. 140, 96 N. E. 2d 108, and *Tucker, Secretary of State* v. *Muesing* (1942), 219 Ind. 527, 39 N. E. 2d 738. The Act which we consider here is the Municipal Corporations Act, enacted in 1905, consisting of 272 sections and covering the entire field of municipal law, including organization of cities and towns, structure of city government, power and duties of city officers, city elections, municipal services and taxation, as well as the subject of annexation. The sections of the Act dealing with annexation have been amended several times

since 1905, and were put in the form in which we deal with them here by amendment in 1955. The first problem is then, what is *the act* to which we address ourselves here in determining severability. The subject matter dealt with in this Act is the entire spectrum of municipal organization and law. The Legislature chose to enact this statute in this form and we believe it is reasonable to deal with it in its entirety as a comprehensive law. We conclude that the comprehensive nature of this statute sufficiently establishes that the Legislature did not intend that the entire Act should fall, if one section or even part of a section were determined by this Court to be constitutionally infirm. We find that the Legislature intended that this statute be separable. Although counsel do not point it out, there is in fact no separability clause attached to this statute. However, this Court has held that the presence or absence of such a clause is not decisive on the issue of separability. *Ettinger* v. *Studevent* and *Hole* v. *Dice* (1942), 219 Ind. 406, 38 N. E. 2d 1000.

We now turn to the issue of whether or not the Legislature intended that the remaining parts of this Act, including those sections governing the specific area of annexation, should stand and be enforced in spite of the determination of its partial invalidity. In our opinion the Legislature did so intend. The purpose of the sections of the Act dealing with annexation is to grant, first of all, the power to the local legislative body to annex territory, and secondly to provide remonstrators with a judicial remedy. The statute here is intended to provide a fair structure in which to resolve the conflict between the competing interests of the city on the one hand, and that of the inhabitants of the annexed area on the other. The primary place of decision, however, under this statutory scheme is the local legislative body itself. There the decision to annex or not annex is made. We are convinced that the Legislature would not have failed to grant the cities the authority to annex land because of the constitutional inability of the reviewing court to consider the validity of

the common council's decisions of public policy which are part of their overall decision to enact an annexation ordinance. We are likewise convinced that the Legislature would not have failed to provide remonstrators with a more narrow and specific form of court review in the statute because of the inability of that court to reach the broad policy issues required of the court by the provisions here held invalid. These invalid provisions required in substance that the trial court determine that the annexation ordinance is fair and just and in the best interests of all concerned and provided remonstrators with nothing more than an ephemeral right. Such a determination of the trial judge in these cases is "not based upon certain facts which make the law operative, but upon the implanting of a general feeling of public welfare in the mind of the judge." Note the Indiana Annexation Act of 1949. 26 Ind. L. J. 377. The specific and valid determinants left in tact by this judgment requiring the trial court to find that the area sought to be annexed is urban in character and that the lines of the annexation are so drawn as to form a compact area abutting the municipality, always did constitute the essential feature of the judge's decision.

In addition, the deletion leaves the remainder of the statute in a sensible, complete form, capable of being executed alike against all similarly situated or affected. *Ettinger* v. *Studevent* and *Hole* v. *Dice, supra; State ex rel. Haverkorn* v. *DeKalb Circuit Court* (1968), 251 Ind. 283, 241 N. E. 2d 62; *Welsh, Governor, et al.* v. *Sells, et al.* (1963), 244 Ind. 423, 192 N. E. 2d 753. These invalid determinants were not the inducing cause for the enactment of the annexation provisions. The inducing causes were the need to authorize local legislative bodies to annex land and to provide a form of judicial review to remonstrators. *State* v. *Kuebel, supra.* The general purpose or effectiveness of the Act is not destroyed by deleting these invalid parts. *Browne* v. *Blood* (1964), 245 Ind. 447, 196 N. E. 2d 745. This deletion does not increase or decrease the land areas susceptible to annexation by cities. It does

not alter the rights of affected persons to persuade the local legislature to annex or not annex. It does not change the primary focus of the authority to make the annexation decision, and does not prevent remonstrators from seeking review in the courts. And finally it leaves the nature of the judicial decision in a form which reflects the essential core as it had been under the statute prior to the deletion.

Appellants point out in their brief that after the enactment of the ordinances involved in this case, the Legislature repealed Burns § 48-702. Under the present statute governing the annexation of territory by cities, Acts 1969, ch. 239, a judge, when hearing an appeal from the enactment of an annexation ordinance by local legislative body must find the following criteria established by the evidence:

"(a) The resident population of the area sought to be annexed is equal to at least three (3) persons for each acre of land included within its boundaries or that the land is zoned for commercial, business or industrial uses or that sixty percent (60%) of the land therein is subdivided; and

(b) At least one-eighth of the aggregate external boundaries of the territory sought to be annexed coincide with the boundaries of the annexing city; and

(c) The annexing city has developed a fiscal plan and has established a definite policy to furnish the territory to be annexed within a period of three (3) years, governmental and proprietary services substantially equivalent in standard and scope to the governmental and proprietary services furnished by the annexing city to other areas of the city which have characteristics of topography, patterns of land utilization and population density similar to the territory to be annexed; the court shall order the proposed annexation to take place notwithstanding the provisions of any other law of this state.

If however, the evidence does not establish all three (3) of the foregoing factors the court shall sustain the remonstrance and deny the annexation unless the area although not meeting the conditions of factor (a) *supra* is bordered on one-fourth of its aggregate external boundaries by the boundaries of the city and is needed and can be used by the city for its future development in the reasonably near future, the court may order the proposed annexation to take

place notwithstanding the provisions of any other law of this state."

As a result of this new Act, a trial judge is relieved of the duty to find the former primary determinants "a", "b" and "c" at all, and re-defines the subject matters contained in determinants "d", "e" and "f", in more narrow and specific terms. This new statute constitutes an expression of the legislative intent which supports the decision of the trial court that the remaining valid parts of the sections of the Act governing annexation were intended by the Legislature to be separately valid and enforceable.

The judgment of the trial court is affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 289 N. E. 2d 510.