AUBREY W. NOBLE, MARY FRANCES NOBLE ET AL. *v.* CITY OF WARSAW, INDIANA.

[No. 3-872A42. Filed June 29, 1973. Rehearing denied September 14, 1973. Transfer denied December 26, 1973.]

*George M. Bowser,* of Warsaw, for appellants.

*Herbert H. Bent, Rockhill, Kennedy, Pinnick, Sand & Bent,* of Warsaw, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—Noble and others filed a remonstrance to the city council's annexation of their property into the City of Warsaw, Indiana. The Kosciusko Circuit Court found against Noble upon his remonstrance and ordered the annexation to take place. Noble filed his motion to correct errors which raises this question for our determination:

> Does the following provision of IC 1971, 18-5-10-25; Ind. Ann. Stat. § 48-722 (Burns 1972 Supp.) violate Article 3, § 1 of the Indiana Constitution:
> "If . . . the area . . . is needed and can be used by the city for its future development in the reasonably near future, the court may order the proposed annexation to take place notwithstanding the provisions of any other law of this state. . . ."

Article 3, § 1 of the Indiana Constitution provides:

> "Three departments.—The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

Noble's two prong constitutional attack is premised upon the use of the word "may" indicating a grant of discretion and secondly, upon the almost identical language used in determinant (e) of Ind. Ann. Stat. § 48-702 which was repealed.

Our opinion holds that the word "may" must be construed as mandatory and that the statutory provision is constitutional.

The trial court's judgment ordering the annexation to take place is affirmed.

## II.

## STATEMENT OF THE FACTS

The trial court's judgment clearly defines the issue presented by this appeal and is set out in full below:

"The court having heard all the evidence, the arguments of counsel and being duly advised NOW FINDS for the city of Warsaw, Indiana and against the plaintiff-remonstrators.

"The Court FURTHER FINDS that the evidence sufficiently proves that the following determinants have been met and that each determinant exists in the area annexed to the City of Warsaw, Indiana, by its Ordinance Number 70-1-1 as amended by its Ordinance number 70-7-1:

(a) At least one eighth (⅛) of the aggregate external boundaries of the territory sought to be annexed coincide with the boundaries of the annexing city;

(b) The annexing city has developed a fiscal plan and has established a definite policy to furnish the territory to be annexed within a period of three (3) years, governmental and proprietory services substantially equivalent in standard and scope to the governmental and proprietory services furnished by the annexing city to other areas of the city which have characteristics of topography, patterns of land utilization, and population density similar to the territory to be annexed;

(c) More than one-fourth (¼) of the aggregate external boundaries of the territory sought to be annexed is bordered on the boundaries of the annexing city; and

(d) The territory sought to be annexed is needed and can be used by the annexing city for its future development in the reasonably near future.

"THE COURT FURTHER FINDS that the evidence does not establish that the resident population of the area sought to be annexed is equal to at least three (3) persons for each acre of land included within its boundaries or that the land is zoned for commercial, business, or industrial uses or that sixty per cent (60%) of the land therein is subdivided.

"THE COURT FURTHER FINDS against the plaintiff-remonstrators on each pleading paragraph of their remonstrance, the same being pleading paragraphs I, II, III, and

IV, and against plaintiff-remonstrators on their reply to Defendant's supplemental answer.

"The Court FURTHER FINDS that all legal requirements for annexation of the territory sought to be annexed by ordinance 70-1-1 of the City of Warsaw as amended by Ordinance 70-7-1 of the City of Warsaw have been met by the City of Warsaw and that the annexation of said territory to the City of Warsaw must be approved and affirmed.

"IT IS THEREFORE, CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff-remonstrators take nothing by reason of their complaint and remonstrance.

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that Ordinance 70-1-1 passed January 19, 1970 by the City of Warsaw, Indiana, as amended by Ordinance 70-7-1 passed July 20, 1970 by the City of Warsaw, Indiana, is hereby approved and confirmed, and the annexation proposed by said Ordinances is now ordered to take place.

"IT IS FURTHER CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court that the costs of this action be and they hereby are taxed to the plaintiff-remonstrators."

## III.

### STATEMENT OF THE ISSUE

The issue presented by this appeal is whether the statutory provision:

"If, however, the evidence does not establish all three [3] of the foregoing factors the court shall sustain the remonstrance and deny the annexation unless the area although not meeting the conditions of factor (a) supra is bordered one one-fourth [¼] of its aggregate external boundaries by the boundaries of the city and is needed and can be used by the city for its future development in the reasonably near future, the court may order the proposed annexation to take place notwithstanding the provisions of any other law of this state. . . ."

of IC 1971, 18-5-10-25; Ind Ann. Stat. § 48-722 (Burns 1972 Supp.) is in violation of Article 3, § 1 of the Indiana Constitution which prohibits one branch of government from exercising the powers of another. Article 3, § 1 provides:

"Three departments.—The powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial; and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

It is Noble's contention that the above provision of IC 1971, 18-5-10-25, *supra,* delegates legislative annexation powers to the judiciary.[1]

## IV.
### STATEMENT ON THE LAW

Changing the city's boundaries by annexation is a legislative power exercised through the common council of the city. *Perry Township* v. *Indianapolis Power and Light Company* (1946), 224 Ind. 59, 73, 64 N.E.2d 296; 69 A. L. R. 266. Noble contends that the use of the word "may" in the statute delegates the power of judgment on annexation matters from the legislative branch of government to the judicial branch of government in violation of Article 3, § 1 of the Indiana Constitution.

The statute does not attempt to vest legislative power in the judiciary. Its purpose is to authorize the courts to determine and adjudge whether or not the common council of a city, which is attempting to annex additional territory, has met certain statutory requirements after a remonstrance has been filed. *City of Aurora* v. *Bryant* (1960), 240 Ind. 492, 502, 165 N.E.2d 141; *Department of Financial Institutions* v. *State Bank of Lizton* (1969), 253 Ind. 172, 252 N.E.2d 248. "May" does ordinarily mean discretion when used in a statute, but it can be construed to mean "shall" when the ordinary meaning would defeat the object of the provision. *Morrison* v. *State ex rel. Indianapolis Free Kinder-*

---

1. *Heflin* v. *Red Front Cash & Carry Stores, Inc.* (1947), 225 Ind. 517, 524, 75 N.E.2d 662; *In Re Northwestern Indiana Telephone Company* (1930), 201 Ind. 667, 685, 171 N.E. 65; *Wallace* v. *Feehan* (1934), 206 Ind. 522, 534-535, 190 N.E. 438.

garten and Children's Aid Society (1914), 181 Ind. 544, 549-550, 105 N.E. 113. This is especially true if the ordinary meaning of "may" would render the provision unconstitutional. The Board of Commissioners of Vigo County v. Davis (1893), 136 Ind. 503, 36 N.E. 141; T. Sedgwick, SEDGWICK ON THE CONSTRUCTION OF STATUTORY AND CONSTITUTIONAL LAW (2nd ed. Pomeroy's Notes 1874) at 377.

Therefore, we hold that the word "may" as used in IC 1971, 18-5-10-25, supra, must be construed as "shall" and is mandatory. If the trial court finds sufficient evidence to support the requisite determinants as set forth in the statute, it must order the annexation to take place.

A second contention made by Noble is that the statutory determinant here in question is almost identical to determinant (e) of Ind. Ann. Stat. § 48-702 which was repealed. Noble further contends that determinant (e) of § 48-702 was held to be unconstitutional in In re City of Mishawaka (1972), 259 Ind. 530, 289 N.E.2d 510.[2] In re City of Mishawaka, supra, did not hold determinant (e) of Ind. Ann. Stat. § 48-702 (repealed) unconstitutional. The Supreme Court of Indiana's opinion, written by Justice DeBruler, stated in In re City of Mishawaka, supra, 289 N.E.2d at 512:

"In this appeal appellant remonstrators do not challenge the correctness of the trial court's judgment that the requirements of subsections 'a', 'c', 'd' and 'e' of Burns § 48-702 violate the separation of powers doctrine. No arguments are presented in the briefs on this issue. We therefore likewise assume the validity of the trial court's decision of unconstitutionality for the purposes of this case." (Our emphasis.)

In City of Aurora v. Bryant (1960), 240 Ind. 492, 165 N.E.2d 141, the trial court denied an annexation because it found that the adding of the territory would not be in the

2. Determinant (e) of Ind. Ann. Stat. § 48-702 (repealed) read as follows:
"(e) The area sought to be annexed, if undeveloped, is needed for development of the city in the reasonably near future."

City of Aurora's "interest" and would cause "manifest injury" to persons owning property in the territory. These two determinants were set forth in Acts of 1949, ch. 216, § 2 at 701 (repealed). In *City of Aurora* v. *Bryant, supra*, 240 Ind. at 499-500 and 503, 165 N.E.2d at 145, 147, Judge Bobbitt stated:

> "Whether the proper statutory steps have been taken, whether the reasons given in the remonstrance are sufficient, whether the adding of territory will be for the city's interest, whether the proposed annexation will cause manifest injury to the persons owning property in the territory, and whether other conditions of the statute have been met are all facts which may be determined by the courts in the manner provided in § 48-702, *supra*. In performing such function, the court is not reestablishing and changing the boundaries of governmental units. The court is, by the provisions of § 48-702, *supra*, simply given the power to determine, in the event there is a remonstrance filed, whether certain conditions imposed by the statute are met. The court is not authorized to act unless a remonstrance is filed, and if one is not filed the annexation becomes effective without any submission to, or action by, the court. . . ."
>
> \* \* \*
>
> "For the foregoing reasons it is our opinion that § 48-702, *supra*, does not attempt to vest legislative power in the courts, but simply authorizes the court to determine and adjudge whether or not certain statutory requirements necessary to sustain the legislative action of the Common Council of a city in annexing territory, when a remonstrance is filed, have been met; and such section does not violate or contravene the provisions of Art. 3, § 1 of the Constitution of Indiana."

The determinant in issue here is judicial in nature. It does not violate Article 3, § 1 of the Indiana Constitution.

## V.

## DECISION OF THE COURT

The word "may" used in IC 1971, 18-5-10-25; Ind. Ann. Stat. § 48-722 (Burns 1972 Supp.), to-wit:

> "If . . . the area . . . is needed and can be used by the city for its future development in the reasonably

near future, the court may order the proposed annexation to take place notwithstanding the provisions of any other law of this state. . . ."

is to be construed as "shall" and is "mandatory."

The above determinant is judicial in nature and is not in violation of Article 3, § 1 of the Indiana Constitution.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 297 N.E.2d 916.