307 N.E.2d 890 (1974)
Elizabeth SALOOM, Appellant (Plaintiff below),
v.
John R. HOLDER and the City of Indianapolis, Appellees (Defendants below).
No. 572A215.
Court of Appeals of Indiana, Second District.
March 14, 1974.
*891 R. Davy Eaglesfield, III, Barnes, Hickam, Pantzer & Boyd, Indianapolis, for appellant.
Charles B. Huppert, Deputy Corp. Counsel, Gary R. Landau, Corp. Counsel, Indianapolis, for appellees.

ON PETITION FOR REHEARING
BUCHANAN, Judge.
Appellant (Saloom) asserts in her Petition For Rehearing that we refused to state in our opinion whether the violation of certain municipal ordinances were misdemeanors or civil offenses. Neither this issue, nor any variation of it, was argued by Saloom.
The Statement of Issues in Saloom's brief bearing on this question (Issues, 1, 2, 3, and 4) are framed exclusively in terms of the assumption that violation of the ordinances in question were misdemeanors. Saloom's entire argument in her brief continues in the same vein, e.g., "Appellant and appellees agree that the municipal ordinances under which appellant was arrested were misdemeanors at the time of her arrest." (Appellant's Brief, p. 9.)
Any question as to whether violations of the ordinances involved were civil or criminal have been effectively waived by Saloom. Issues not argued are waived (Rule AP. 8.3(A)(7)) and they may not be raised for the first time in the reply brief. Flick v. Simpson, (1970) 145 Ind. App. 698, 255 N.E.2d 118; Michaels v. Johnson, (1967) 140 Ind. App. 389, 225 N.E.2d 581; Miller Monuments, Inc. v. Asbestos Insulating, etc., (1962) 134 Ind. App. 48, 185 N.E.2d 533; State v. Marion Circuit Court, (1958) 238 Ind. 637, 153 N.E.2d 327.
Ergo, the Petition is denied.
SULLIVAN, P.J., and WHITE, J., concur.