**INDIANA CIVIL LIBERTIES UNION, Appellant (Plaintiff Below),**

v.

**INDIANA GENERAL ASSEMBLY, Appellee (Defendant Below).**

**No. 49A04–8611–CV–352.**

Court of Appeals of Indiana, Fourth District.

Aug. 31, 1987.

Rehearing Denied Dec. 2, 1987.

---

Frank B. Harshey, Kreuscher & Harshey, Richard Waples, Indiana Civil Liberties Union, Indianapolis, for appellant.

John G. Forbes, Forbes, Kias & Pennamped, Indianapolis, for appellee.

YOUNG, Judge.

On April 23, 1986, the Indiana Civil Liberties Union filed an action seeking to compel the Indiana General Assembly to release tape recordings of floor debates which occurred in the Indiana House of Representatives. The ICLU also sought to recover attorney fees and costs as provided by Indiana's Public Records Act. Although the trial court ordered the release of the tape recordings, it denied the request for attorney fees and costs stating:

In that this cause is one of first impression in Indiana and that the denial of access by the Defendant was not made in bad faith, the Plaintiff's request for attorney's fees is denied.

The ICLU appeals the denial asserting that IND.CODE 5-14-3-9(f) does not grant the trial court the discretion to deny attorney fees if the plaintiff substantially prevails in the action and shows that the denial of access was knowing and intentional. The ICLU argues that a denial of attorney fees under these circumstances would defeat the policies outlined by the Indiana Act. We disagree and affirm the trial court.

The Indiana Act provides:

In any action filed under this section, *a court may award* reasonable attorney fees, court costs, and other reasonable expenses of litigation to the prevailing party if:

(1) the plaintiff substantially prevails and the court finds the defendant's violation was knowing or intentional; or

(2) the defendant substantially prevails and the court finds the action was frivolous or vexatious.

IND.CODE 5-14-3-9(f) (emphasis added). Generally, the use of the word "may" expresses an intent to vest the trial court with the discretion to determine whether it will order a certain result. The ICLU asserts, however, that the work "may" can express a mandatory action if the use of discretion would defeat the object of the statutory provision. *See Noble v. City of Warsaw* (1973), 156 Ind.App. 618, 297 N.E.2d 916. The ICLU asserts that if the word "may" in IND.CODE 5-14-3-9(f) is construed to grant discretion to the trial court, the policy of the Indiana Act will be defeated. Therefore, the ICLU concludes that the legislature must have intended the award of attorney fees to be mandatory when the plaintiff substantially prevails and shows that the agency in question knowingly and intentionally denied access to the records.

The Indiana Act states:

The fundamental philosophy of the American constitutional form of representative government is that government is the servant of the people and not their master. Accordingly, it is the public policy of the state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. This chapter shall be liberally construed to implement this policy and place the burden of proof for the nondisclosure of a public record on the public agency that would deny access to the record and not on the person seeking to inspect and copy the record.

IND.CODE 35-14-3-1. The policies of the Indiana Act closely parallel the policies of the Federal Freedom of Information Act. See generally Note, *Indiana Opens Public Records: But (b)(6) May Be the Exemption That Swallows the Rule.* 17 Ind.L. Rev. 555 (1984). Both the Indiana Act and

FOIA provide for the award of attorney fees. Although the provisions are not identical, the similarities are striking.[1] Because of the similarities in both the goals and attorney fee provisions of the two Acts, we will turn to federal case law for guidance in interpreting the Indiana Act. *See Gumz v. Starke County Farm Bureau Co-op. Ass'n, Inc.* (1979), 271 Ind. 694, 697, 395 N.E.2d 257, 261 (recognizing that federal case law can be helpful in construing the Indiana Rules of Civil Procedure).

Federal courts have recognized that the FOIA, like the Indiana Act, was "designed to establish a liberal national policy requiring the disclosure to the public of government records and information which should be broadly construed to effectuate that purpose." *Aviation Data Service v. F.A.A.* (1982), 10th Cir., 687 F.2d 1319, 1321. Congress amended the FOIA to permit awards of attorney fees to plaintiffs who substantially prevailed. Attorney fees were allowed because "the barriers presented by court costs and attorney's fees are insurmountable for the average person requesting information, allowing the government to escape compliance with the law." *Fenster v. Brown* (1979), D.C. Cir., 617 F.2d 740, 742 (*quoting* S.Rep. No. 854, 93d Cong., 2d Sess. 17 (1974)). The removal of the financial barriers was designed to encourage public and private groups to use the FOIA to obtain access to government records. *Aviation Data Service, supra* at 1321.[2]

Notably, the federal courts agree that the FOIA attorney fee provision "does not create an absolute right to and there is no presumption favoring the award of attorney's fee in FOIA cases." *Aviation Data Service, supra* at 1321. A review of the legislative history of the FOIA reveals that Congress clearly did not intend the award to be automatic. Rather, Congress intended to permit the courts to exercise their discretion in awarding the fees. *Fenster, supra* at 742-43. We believe the Indiana legislature expressed a similar intent by utilizing the word "may" rather than "shall" in the Indiana Act. By permitting the courts to exercise their discretion, the purpose of the Indiana Act is served without penalizing the government agencies for legitimately questioning whether particular documents or records are subject to disclosure. We therefore hold that awarding attorney fees under IND.CODE 5-14-3-9(f) is within the sound discretion of the trial court.[3]

█ In the present case, the trial court denied the request for attorney fees because the case was one of first impression and the General Assembly had not denied the request in bad faith. We have not been provided a record of the evidence presented to the trial court and therefore cannot conduct a meaningful review of the trial court's decision. We will, however, note that it was within the bounds of the trial court's discretion to consider various factors including the agency's motive in denying the request for records.[4] The trial

---

1. The FOIA provides in pertinent part:
   The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.
   5 U.S.C. § 552(a)(4)(E).

2. In the present case, the ICLU basically asserts that these also are the goals and purposes behind the enactment of Indiana's attorney fee provision.

3. We agree with the ICLU's proposition that the statutory language "knowing and intentional" means that the agency need only intend to deny access to the records or know that it is doing so. *See Board of County Com'rs of St. Joseph County v. Tinkham* (1986), Ind.App., 491 N.E.2d 578,

582. However, it does not follow that attorney fees are required whenever the agency deliberately withholds records. We believe the "knowing and intentional" language merely defines the circumstances under which a party becomes eligible to receive an award of attorney fees. For example, a party would not be eligible to receive an award of attorney fees if the agency showed that its failure to release the records was due to a clerical error, such as losing or misfiling the request. When it is clear that the agency intended to deny the request, the trial court still must exercise its discretion to determine whether the circumstances warrant an award of attorney fees.

4. The federal courts have enumerated a non-exclusive list of four factors to be considered by trial courts when determining whether attorney

court apparently concluded that a reasonable basis for the denial existed and that a good faith dispute existed as to the General Assembly's obligation to release the requested tapes. This does not impose a "bad faith" standard on the award as urged by the ICLU. Rather, it merely indicates that one factor considered by the trial court was the General Assembly's motive. We believe motive is a proper consideration and find no error in the trial court's use of that factor. Accordingly, the denial of attorney fees is affirmed.

SHIELDS, P.J., and CONOVER, J., concur.

fees should be granted in FOIA actions. These factors are:
(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought and (4) whether the government's withholding of the records had a reasonable basis in the law. *Aviation Data Service, supra* at 1321.