**CITY OF ELKHART, Indiana, Maribeth Hicks, City Controller, Paul Eash, City Attorney, Appellants–Defendants,**

v.

**AGENDA: OPEN GOVERNMENT, INC., Appellee–Plaintiff.**

No. 20A03–9609–CV–351.

Court of Appeals of Indiana.

July 21, 1997.

Rehearing Denied Sept. 10, 1997.

Paul D. Eash, Elkhart City Attorney, Elkhart, for Appellants–Defendants.

William J. Cohen Elkhart, for Appellee–Plaintiff.

## OPINION

GARRARD, Judge.

### STATEMENT OF THE CASE

The City of Elkhart, Indiana, and Maribeth Hicks, City Controller (hereinafter collectively referred to as the "City")[1] appeal the trial court's grant of summary judgment in favor of Agenda: Open Government, Inc. ("Agenda") on Agenda's complaint for declaratory and injunctive relief. Agenda's complaint alleged that the City improperly denied Agenda access to City records which are open to public inspection pursuant to Indiana Code § 5–14–3–3. Agenda sought an order compelling the City to disclose the requested records.

We affirm.

### FACTS

Agenda, a non-profit Indiana Corporation, publishes a newsletter in Elkhart which regularly reports on City activities. On May 30, 1995, Debra Barrett, the editor of the newsletter, presented a written request to inspect and copy records of the 1993 cellular phone bills (the "1993 phone records") for the Mayor of Elkhart and other City department heads. The City acknowledged receipt of Agenda's request and informed Agenda that it needed to determine whether the 1993 phone records were investigatory records or were otherwise confidential and not subject to disclosure under the Access to Public Records Act, Indiana Code § 5–14–3, *et seq.*

---

1. We note that City Attorney Paul Eash, a defendant below, was dismissed as a party pursuant to the trial court's summary judgment order.

Thereafter, Agenda made several follow up inquiries to the City requesting either a written denial of access to the 1993 phone records as required by statute or a date upon which those records would be made available. On June 12, 1995, the City informed Agenda that it would not disclose the 1993 phone records until after an Elkhart Board of Public Safety disciplinary hearing. The City stated that it believed that following a prior public records request made by Agenda, Barrett had provided certain phone numbers contained in cellular phone records to an individual who had misused the Emergency–911 ("E–911") system to discover the origin of those numbers. Accordingly, the City indicated that a final decision on whether to grant or deny Agenda's present request would be made after further inquiry into the prior alleged misuse of public records.

On August 11, 1995, Agenda filed its amended complaint against the City requesting that the City be compelled to produce the 1993 phone records. By letter dated August 25, 1995, the City informed Agenda that it would not produce the 1993 phone records until Agenda provided assurance that disclosure of those records would not result in the running of phone numbers through the E–911 system.

Agenda subsequently filed its motion for summary judgment and asserted that (1) the City failed to produce the 1993 phone records within 24 hours of a formal request for such records as required by statute, (2) at the time of the motion, the City had still not produced the records, (3) the City informed Agenda that it would only produce the 1993 phone records subject to certain conditions which are not required under Indiana law, and (4) the City's refusal to disclose the 1993 phone records was intentional and entitles Agenda to attorney fees. A summary judgment hearing was scheduled for April 23, 1996. At a March 19, 1996 status conference, the City again stated that it would produce the records if Agenda would sign a stipulation that it would not run the obtained phone numbers through the E–911 system. Agenda refused to sign the stipulation.

Thereafter, the City responded to Agenda's motion for summary judgment and filed a cross-motion for summary judgment asserting, as a matter of law, that the 1993 phone records were excepted from disclosure by statute. Following a hearing on both summary judgment motions, the trial court granted summary judgment in favor of Agenda. The trial court ordered the City to produce the 1993 phone records and to pay $3,400.00 for attorney fees incurred by Agenda in bringing this action. The City now appeals.

### ISSUES

The City presents several issues for our review which we consolidate and restate as:

1. Whether the trial court erred when it granted summary judgment in favor of Agenda and concluded, as a matter of law, that Agenda was entitled to inspect and copy the 1993 phone records.

2. Whether the trial court abused its discretion when it awarded Agenda attorney fees.

3. Whether the trial court abused its discretion when it granted Agenda's motion for a protective order.

### DISCUSSION AND DECISION

#### Issue One: Summary Judgment

■ The fact that the parties make cross-motions for summary judgment does not alter our standard of review. *Hendricks County Bank v. Guthrie Bldg. Materials, Inc.,* 663 N.E.2d 1180, 1183 (Ind.Ct.App. 1996), *trans. denied.* We apply the same standard as the trial court, resolving any doubt as to fact or inference to be drawn therefrom, in favor of the party opposing the motion. *Frye v. Rumbletown Free Methodist Church,* 657 N.E.2d 745, 747 (Ind.Ct.App. 1995). Summary judgment is appropriate only if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). We must determine whether there is a genuine issue of material fact and whether the law has been correctly applied by the trial court. *Yerkes v. Heartland Career Center,* 661 N.E.2d 558, 560 (Ind.Ct.App.1995), *trans. denied.*

Agenda sought access to the 1993 phone records pursuant to the Indiana Access to Public Records Act, Indiana Code § 5–14–3, *et seq.* Section 3 of that chapter provides as follows:

(a) Any person may inspect and copy the public records of any public agency during regular business hours of the agency, except as provided in section 4 of this chapter. A request for inspection or copying must:

(1) identify with reasonable particularity the record being requested; and

(2) be, at the discretion of the agency, in writing on or in a form provided by the agency.

No request may be denied because the person making the request refused to state the purpose of the request, unless such condition is required by other applicable statute.

(b) a public agency may not deny or interfere with the exercise of the right stated in subsection (a). The public agency shall either:

(1) provide the requested copies to the person making the request; or

(2) allow the person to make copies:

(A) on the agency's equipment; or

(B) on his own equipment.

(c) Notwithstanding subsections (a) and (b), a public agency may or may not, in accordance with a nondiscriminatory uniform policy of the agency, permit a person to duplicate or obtain a duplicate copy of a computer tape, computer disc, microfilm, or other similar or analogous record system that contains information owned by or entrusted to the agency.

IND.CODE § 5–14–3–3. A person who has been denied the right to inspect or copy a public record may file an action to compel the public agency to permit the person to inspect and copy the public record. IND.CODE § 5–14–3–9(d). The person who has been denied such right "need not allege or prove any special damage different from that suffered by the public at large." *Id.* The court in which the action to compel is filed shall determine the matter de novo. IND.CODE § 5–14–3–9(e). The burden of proof for the non-

disclosure of a public record is on the public agency that denies access to the record. *See* IND.CODE § 5–14–3–1; *Evansville Courier v. Prosecutor, Vanderburgh County,* 499 N.E.2d 286, 288 (Ind.Ct.App.1986), *trans. denied; see also* IND.CODE § 5–14–3–9(e) (burden of proof on public agency to sustain its denial).

In denying Agenda access to the 1993 phone records, the City relies on Indiana Code § 5–14–3–4(b) which enumerates those public records which, at the discretion of the public agency, may be excepted from Section 3 disclosure requirements. Specifically, the City relies on Indiana Code § 5–14–3–4(b)(10) which permits a public agency to except from disclosure "[A]dministrative or technical information that would jeopardize a record keeping or security system." Essential to the City's statutory argument is that the 1993 phone records contain "technical" or "administrative" information the disclosure of which would jeopardize a record keeping or security system.

■■■ The construction of a statute is a question of law for the court. *Board of School Trustees of Salem Community Schools v. Robertson,* 637 N.E.2d 181, 185 (Ind.Ct.App.1994), *trans. denied.* Our primary task in construing a statute is to determine and give effect to the intent of the legislature. *Ashlin Transp. Serv., Inc. v. Indiana Unemployment Ins. Bd.,* 637 N.E.2d 162, 166 (Ind.Ct.App.1994). In order to discern legislative intent, we look to the plain and ordinary meaning of the words and phrases used in an unambiguous statute. *Id.* Courts may consult English language dictionaries to ascertain the plain and ordinary meaning of a statutory term. *Id.* at 167.

■■■ The City begins with the premise, and we do not disagree, that the E–911 system is a record keeping or security system. However, the City's assertion that the telephone numbers contained in the 1993 phone records constitute "technical" or "administrative" information the disclosure of which would jeopardize the E–911 system misses the mark. The term "technical" may be defined as "of or relating to technique" and "marked by or characteristic of specializa-

tion." WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 1211 (1983). The term "administrative" may be defined as "of or relating to administration." *Id.* at 57. Contrary to the City's assertion, telephone numbers in and of themselves constitute neither technical nor administrative information.

■ The City maintains that the E–911 system and the privacy rights of citizens would be jeopardized if the system is misused for "personal or political purposes" and phone numbers are run through the system in order to obtain the identity of citizens by their unlisted or listed phone numbers. The City points to evidence that Agenda was involved in a prior incident in which Agenda had provided previously obtained public records to an individual who had used the E–911 system in an unauthorized manner to discover the origin of phone numbers contained in the records. However, in construing the exception provided by Section 4(b)(10), any prior alleged misuse or speculated future misuse of information which is innocuous on its face is irrelevant. Section 4(b)(10) provides a discretionary exception for public records containing a "type" of information due to its nature and not because a speculated "use" of the information would jeopardize a record keeping or security system. The City has no authority or discretion to refuse disclosure of nontechnical and nonadministrative information or to require the person making a lawful request for records to provide assurance that such information will not be misused.[2]

Our construction of Section 4(b)(10) implements the following public policy announced by our legislature in drafting the Access to Public Records Act:

A fundamental philosophy of the American constitutional form of representative government is that government is the servant of the people and not their master. Accordingly, it is the public policy of the state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. Providing persons with the information is an essential function of a representative government and an integral part of the routine duties of public officials and employees, whose duty it is to provide the information. This chapter shall be liberally construed to implement this policy and place the burden of proof for the disclosure of a public record on the public agency that would deny access to the record and not on the persons seeking to inspect and copy the record.

IND.CODE § 5–14–3–1. In the instant case, the City has failed to present statutory authority to support its denial of access to the 1993 phone records.

The City has not met its burden of proof for nondisclosure.[3] The City has no discretion to deny Agenda access to the 1993 phone records or to place conditions upon such access. Agenda is entitled to copy and inspect the 1993 phone records as a matter of law. The trial court properly granted summary judgment in favor of Agenda.

### Issue Two: Attorney Fees

■ The City contends the trial court erred when it awarded Agenda attorney fees.[4] Indiana Code § 5–14–3–9(h) provides in relevant part:

In any action filed under this section, a court may award reasonable attorney fees, court costs, and other reasonable expenses of litigation to the prevailing party if:

(1) the plaintiff substantially prevails and the court finds the defendant's violation knowing or intentional; or . . .

The awarding of attorney fees under Indiana Code § 5–14–3–9(h) is within the sound discretion of the trial court. *See ICLU v. Indiana General Assembly,* 512 N.E.2d 432, 434 (Ind.Ct.App.1987). In the exercise of its discretion, the trial court may consider various factors including the public agency's mo-

---

**2.** We agree with the trial court that the City has ample civil and criminal remedies to pursue in the event of an unauthorized use of the E–911 system for personal or political purposes.

**3.** The City's argument analogizing Indiana Code § 5–14–3–4(b)(10) to federal law and dissimilar sections of the Freedom of Information Act is unpersuasive.

**4.** The City does not dispute the reasonableness of the amount of fees awarded. It merely contests whether Agenda is entitled to any fees.

tive in denying a request for records. *Id.* at 435.

■ Here, the City argues that it did not intend to violate the Access to Public Records Act when it denied Agenda access to the 1993 phone records. However, when the law speaks of intent or knowledge it usually means the intent to do the prohibited act, or the knowledge that one is doing so. *Board of County Comm'rs of St. Joseph County v. Tinkham,* 491 N.E.2d 578, 582 (Ind.Ct.App. 1986), *trans. denied.* "It does not require knowledge that the act is in violation of the law or the intent to violate a statutory provision." *Id.* It is undisputed that the City intended to deny Agenda access to the 1993 phone records and knew that it was doing so. The City's denial was knowing and intentional.

■ Nevertheless, the City argues that its denial was made in good faith. However, in support of its award of attorney fees, the trial court here noted that the City official who originally received Agenda's request for the 1993 phone records presented Agenda with a political cartoon which had appeared in Agenda's newsletter and stated that she (the official) resented the cartoon. The City official informed Agenda that in the future she would "wait until the last minute, of the last hour, of the last day" before she would provide Agenda with any requested records. We agree with the trial court that such behavior is more indicative of wanton behavior than the good faith motive argued by the City. We cannot say that the trial court abused its discretion when it awarded Agenda attorney fees.

### Issue Three: Protective Order

Finally, the City contends the trial court abused its discretion when it granted Agenda's motion for a protective order and prohibited the City from taking the deposition of Debra Barrett prior to the court's ruling on summary judgment. We again must disagree.

■ The trial court has broad discretion in ruling on a Trial Rule 26(C) motion for a protective order, and we will interfere only if an abuse of discretion is shown. *Mat-*

*ter of Estate of Wilson,* 610 N.E.2d 851, 854 (Ind.Ct.App.1993), *trans. denied, cert. denied,* 510 U.S. 1072, 114 S.Ct. 879, 127 L.Ed.2d 75 (1994). Indeed, due to the fact-sensitive nature of discovery matters, the ruling of the trial court is cloaked in a strong presumption of correctness on appeal. *Pioneer Lumber, Inc. v. Bartels,* 673 N.E.2d 12, 15 (Ind.Ct.App.1996). We will reverse only where the trial court has reached an erroneous conclusion which is clearly against the logic and effect of the facts of the case. *Id.* Moreover, we will not reverse a trial court's discovery order absent a showing of prejudice. *Id.*

■ The City offers no authority for its proposition that the trial court abused its discretion. Instead, it argues that Barrett's deposition testimony would have been relevant to show (1) what Barrett's involvement was in the prior incident which resulted in the running of numbers through the E–911 system, (2) whether Barrett believed anything was wrong with her prior conduct, and (3) whether Barrett would use the 1993 phone records to facilitate a repeat of the prior incident. However, as we have stated, Agenda's prior or speculated future use of information contained in public records is immaterial and irrelevant to the trial court's and this court's determination of whether, as a matter of law, the records contain the "type" of information which may be excepted from disclosure under Indiana Code § 5–14–3–4(b)(10). The trial court's grant of a protective order was not against the logic and effect of the facts and circumstances before the court. Furthermore, the City has failed to establish prejudice. We find no abuse of discretion.

Affirmed.

HOFFMAN and BARTEAU, JJ. concur.