**AVIATION DATA SERVICE,**
**Plaintiff-Appellee,**
v.
**FEDERAL AVIATION ADMINISTRA-**
**TION, et al., Defendants-Appellants.**

**No. 81–1699.**

United States Court of Appeals,
Tenth Circuit.

Aug. 4, 1982.

Rehearing Denied Sept. 24, 1982.

Harry J. Najim, Wichita, Kan., for plaintiff-appellee.

J. Paul McGrath, Asst. Atty. Gen., Leonard Schaitman, John S. Koppel, U. S. Attys., Dept. of Justice, Washington, D. C. and Jim J. Marquez, U. S. Atty., Wichita, Kan., for defendants-appellants.

Before PICKETT, BARRETT and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a): Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

The issue presented by this appeal arises out of the allowance of attorney fees and litigation costs to a prevailing party in an action brought under the provisions of the Freedom of Information Act (FOIA) 5 U.S.C. § 552.

Aviation Data Service, Inc., a Kansas Corporation (ADS), is engaged in the business of collecting and selling to clients information relating to the aviation industry.

A substantial portion of this information was secured from the records of the Federal Aviation Administration (FAA). ADS made a request for certain records containing the names and addresses of airmen and aircraft registrants. These files were identified in the FAA records as Aircraft Registration Master File (ARMF) and the Airmens Records File as (ARF). FAA declined this request asserting that the information was exempt under 5 U.S.C. § 552(b)(6) which exempts "personnel and medical and similar files disclosure of which would constitute clearly unwarranted invasions of personal privacy." This action followed. After numerous court proceedings, including the disposition of motions for summary judgments filed by both parties, the FAA released the desired information and the court then dismissed the action as moot. In its Order of Dismissal the trial court concluded that the files ARMF and ARF were not "similar files" within the meaning of Section 552(b)(6). The court also concluded that the action of the FAA was not arbitrary or capricious. Upon application the court allowed ADS $10,935.00 attorney fees and $330.81 litigation costs. The only contention of the FAA is that from the record as a whole and the findings of the trial court, ADS was not within that category of plaintiffs entitled to recover attorney fees and costs under Section 552(a)(4)(E) and no other conditions existed which would permit the allowance of such fees.

◼ Basically, FOIA was designed to establish a liberal national policy requiring the disclosure to the public of government records and information which should be broadly construed to effectuate that purpose. *F. B. I. v. Abramson*, —— U.S. ——, 102 S.Ct. 2054, 72 L.Ed.2d 376) (1982); *Dept. of the Air Force v. Rose*, 425 U.S. 352, 360, 96 S.Ct. 1592, 1599, 48 L.Ed.2d 11 (1976); *Alirez v. N. L. R. B.*, 676 F.2d 423 (10th Cir. 1982); *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1364 (C.A.D.C.1977). In 1974, for the purpose of removing financial barriers and encourage the use of the Act by public and private litigants, Congress authorized the allowance of attorney fees and litigation costs to a prevailing party in actions brought under the Act. *Cuneo v. Rumsfeld*, 553 F.2d 1360 (C.A.D.C.1977). This amendment is 5 U.S.C. 552(a)(4)(E) and provides:

> The Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which complainant has substantially prevailed.

Generally the courts are in agreement that this section does not create an absolute right to and there is no presumption favoring the award of attorney's fees in FOIA cases. *Church of Scientology v. Harris*, 653 F.2d 584 at 590 (C.A.D.C.1981); *Ginter v. Internal Revenue Service*, 648 F.2d 469 (8th Cir. 1981); *Lovell v. Alderete*, 630 F.2d 428 (5th Cir. 1980); *Fenster v. Brown*, 617 F.2d 740 (C.A.D.C.1979); *Cox v. United States Department of Justice*, 601 F.2d 1, 6 (C.A.D.C.1979); *Long v. United States Internal Revenue Service*, 596 F.2d 362, 370 (9th Cir. 1979) *cert. denied*, 446 U.S. 917, 100 S.Ct. 1851, 64 L.Ed.2d 271 (1980); *Chamberlain v. Kurtz*, 589 F.2d 827, 842 (5th Cir. 1979), *cert. denied*, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979); *Nix v. United States*, 572 F.2d 998 (4th Cir. 1978). [Eligibility does not mean automatic entitlement.] *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978); *Nationwide Building Maintenance, Inc. v. Sampson*, 559 F.2d 704 (C.A.D.C.1977); *Cuneo v. Rumsfeld*, 553 F.2d 1360 (C.A.D.C.1977).

◼ It is well-settled that the allowance of such fees is within the discretion of the trial court. Although not exclusive the trial court, in the exercise of its discretion, should consider four factors or criteria as guidelines. These factors are: (1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought and (4) whether the government's withholding of the records had a reasonable basis in the law. *LaSalle Extension University v. F. T.*

C., 627 F.2d 481 (C.A.D.C.1980); *Volz v. U. S. Dept. of Justice*, 619 F.2d 49 (10th Cir. 1980 Judge Doyle concurring); *Fenster v. Brown*, 617 F.2d 740 (C.A.D.C.1979); *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978); see also *Cuneo v. Rumsfeld*, 553 F.2d 1360 (C.A.D.C.1977).

In reaching its decision the District Court considered these criteria as guidelines. After reviewing the case law and the Congressional history of Section 552(a)(4)(E), it found that "plaintiff ADS falls within the category of plaintiffs not intended to recover their attorney's fees absent other circumstances. Plaintiff is neither indigent nor a non-profit organization. Plaintiff's interest is its own commercial benefit. Since commercial benefit provides the incentive to litigation, an award of attorney's fees is not necessary to vindicate the rights granted under the FOIA." [1] The record supports the view that self-interest was the primary factor in bringing the suit. ADS does challenge these findings.

In arriving at its conclusion the District Court referred with approval the following statement from *Cuneo v. Rumsfeld*, 553 F.2d 1360 at page 1367:

> One important factor which the trial court should take into consideration is whether the action was brought to advance the private commercial interest of the complainant. Section 552(a)(4)(E) was not intended to compensate FOIA complainants who have a private commercial interest in disclosure which is sufficient incentive to pursue their claim through the courts. The facts of this case suggest that a private incentive was present.

See also *Fenster v. Brown*, 617 F.2d 740 (C.A.D.C.1979) where the court says:

> Two of the four criteria are closely related in this case; the commercial benefit to the complainant and the nature of the complainant's interest in the record

sought. When a complainant seeks disclosure of information for commercial benefit, an award of fees is generally inappropriate;

> [T]here will seldom be an award of attorney's fees when the suit is to advance the private commercial interests of the complainant. In these cases there is usually no need to award attorney's fees to insure that the action will be brought. The private self-interest motive of, and often pecuniary benefit to, the complainant will be sufficient to insure the vindication of the rights given in the FOIA.

See also *LaSalle Extension University v. F. T. C.*, 627 F.2d 481, 483 (C.A.D.C.1980).

▇ Fundamentally FOIA was for the purpose of providing a method of informing the public as to governmental operations and not to enhance the private benefits of litigants. *Fenster v. Brown*, 617 F.2d 740, 743 (C.A.D.C.1979); *Cuneo v. Rumsfeld*, 553 F.2d 1365, 1368 (C.A.D.C.1977). Commercial benefit to a plaintiff, however, does not foreclose the allowance of attorney fees if the record discloses an adequate public benefit from the enforced disclosure of the material or if the agency acted in bad faith without reasonable or colorable basis in law when it refused the request. In awarding attorney fees the District Court in the instant case concluded that in balance the public benefit factor and the lack of a reasonable basis in law for withholding the information outweighed the financial benefit to ADS. We disagree.

▇▇ With reference to the "public benefit" requirement, the District Court observed that the information desired was not useful to citizens in making "vital political choices" and would not be disseminated to the public at large but would be available only to those who were willing to pay for it. The Court apparently thought that if the information was useful to third parties for business or other purposes, there was some

---

1. In *Cuneo v. Rumsfeld*, 553 F.2d 1360; *Fenster v. Brown*, 617 F.2d 740 and *LaSalle Extension University v. Federal Trade Commission*, 627 F.2d 481, the Court of Appeals for the District of Columbia has carefully reviewed the extensive legislative history including the purpose of the section relating to attorney fees. *See also Vermont Low Income Advocacy Council v. Usery*, 546 F.2d 509 (2nd Cir. 1976).

public benefit. The test, however, is whether the disclosure will assist the citizenry generally in making an informed judgment as to governmental operations. A classic discussion of the subject is in *Blue v. Bureau of Prisons*, 570 F.2d 529 (5th Cir. 1978) where the Court said:

> With respect to the first of these considerations—"the benefit to the public deriving from the case"—it is doubtless true, as the D.C. Circuit has suggested, that the successful FOIA plaintiff always acts in some degree for the benefit of the public, both by bringing government into compliance with the FOIA disclosure policy and by securing for the public at large "the benefits assumed to flow from the public disclosure of government information." *Cuneo v. Rumsfeld*, 180 U.S.App. D.C. 184, 191, 553 F.2d 1360, 1367 (1977). Yet the Senate Report's discussion of this criterion referred repeatedly to disclosure to the press and to public interest organizations, thus strongly suggesting that in weighing this factor a court should take into account the degree of dissemination and likely public impact that might be expected from a particular disclosure. S.Rep.No.854, 93d Cong., 2d Sess. 19 (1974). This goes to the central purpose of the disclosure act: to assist our citizenry in making the informed choices so vital to "the maintenance of a popular form of government." Id. at 2. Thus the factor of "public benefit" does not particularly favor attorney's fees where the award would merely subsidize a matter of private concern; this factor rather speaks for an award where the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices.

In an FOIA action, where the plaintiff seeks disclosure of material for commercial purposes, attorney fees may be awarded only on a positive and clear showing of substantial public benefit. Minimal, incidental and speculative public benefit will not suffice. In this instance, the public benefit, if any, is almost nil. *LaSalle Extension University v. F. T. C.*, 627 F.2d 482 (C.A.D.C.1980); *Lovell v. Alderete*, 630 F.2d 428, 433 (5th Cir. 1980).

The FAA denied the request of ADS for the list of the names and addresses of airmen and others believing that the disclosure of these lists constituted an unwarranted invasion and violated the personal privacy of those named and were exempt under the "similar files" provisions of Section 552(b)(6) of FOIA. After noting that there was some basis in law for the withholding, the Court concluded that it was not a reasonable one. The Court also recognized that to satisfy the "reasonable basis requirement", the law did not require FAA to establish that the material was, in fact, exempt under the statute. All that was necessary was that the FAA show that it had a reasonable or colorable basis for the withholding. *LaSalle Extension University v. F. T. C.*, 627 F.2d 481, 486 (C.A.D.C.1980); *Fenster v. Brown*, 617 F.2d 740, 742 (C.A.D. C.1979); *Cuneo v. Rumsfeld*, 553 F.2d 1360, 1365 (C.A.D.C.1977).

■ In refusing the disclosure FAA relied primarily on *Wine Hobby, Inc. v. U. S. Internal Revenue Service*, 502 F.2d 133 (3d Cir. 1974); *see also Madeira Nursing Center, Inc. v. NLRB, Region No. 9*, 615 F.2d 728 (6th Cir. 1980); *Pacific Molasses Co. v. NLRB*, 577 F.2d 1172 (5th Cir. 1978). The trial court considered these decisions but concluded that they were ineffective because it was not apparent that the disclosure of the lists would constitute a violation of the privacy of those included in the lists. This appears to be a contradiction. The Wine Hobby case involved the request for disclosure by the Internal Revenue Service of the names and addresses of purchasers of wine. The Court held that these lists were "similar files" within the meaning of the statute and exempt. Although the list in Wine Hobby is different from those involved in this case, it would appear sufficiently analogous and at least constitute a colorable basis on which the FAA could act. The position of the FAA is bolstered by *U. S. Dept. of State v. Washington Post*, —— U.S. ——, 102 S.Ct. 1957, 72 L.Ed.2d 358 decided May 17, 1982 in which the Supreme Court held that the "similar files" provision of Section 552(b)(6) should be considered separately and given a broad construction where individual privacy is concerned.

From a review of the legislative history of Section 552(a)(4)(E) and the cases which have considered it, we are convinced that a successful plaintiff in an FOIA case seeking information for commercial gain should be allowed attorney fees only upon a record which reveals a clear and positive public benefit from the disclosure or when government representatives have withheld information without any reasonable or colorable basis in the law. These latter conditions do not exist in this case and we hold that the Court abused its discretion in awarding attorney fees.

Judgment reversed and the case remanded with instructions to vacate the award of attorney fees and costs and to overrule the motion.