3 F.3d 1383
 Celia ANDERSON, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES; Donna
E. Shalala, Secretary of U.S. Dept. of Health & Human
Services; United States Food and Drug Administration; Dr.
Frank Young, Defendants-Appellees,
Dow Corning Corp., Defendant-Intervenor-Appellee.
 No. 92-4125.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 27, 1993.
 
 Edward T. Wells and Robert J. Debry of Robert J. Debry & Associates, Salt Lake City, UT, for plaintiff-appellant.
 David J. Jordan, U.S. Atty. and Stephen J. Sorenson, Asst. U.S. Atty., Office of U.S. Atty., Salt Lake City, UT, for defendants-appellees.
 Burt A. Braverman of Cole, Raywid & Braverman, Washington, DC and Ray R. Christensen of Christensen, Jensen & Powell, Salt Lake City, UT, for defendant-intervenor-appellee.
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 BARRETT, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the district court's order of June 29, 1992, dismissing her action as moot, granting her leave to apply for attorney's fees, and denying her request to take depositions in connection with her fee application. This appeal presents two issues: (1) whether the district court properly dismissed plaintiff's action to compel the production of documents under the Freedom of Information Act (FOIA), 5 U.S.C. Sec. 552, once the government gave plaintiff all the documents she requested, even though the attorney's fee issue remained unresolved; and (2) whether the district court properly denied plaintiff's request to take depositions in connection with her application for fees.
 
 
 2
 We review the issue of mootness de novo. Dais-Naid, Inc. v. Phoenix Resource Cos. (In re Texas Int'l Corp.), 974 F.2d 1246, 1247 (10th Cir.1992) (per curiam). We conclude the district court properly dismissed the action as moot despite the outstanding fee issue and affirm the dismissal order.[1]
 
 
 3
 We further conclude that plaintiff's appeal of the discovery denial is premature because the district court has yet to enter final judgment on the merits of the fee issue. Therefore, we dismiss that portion of the appeal that seeks review of the district court's discovery ruling.
 
 
 4
 Plaintiff instituted the underlying action pursuant to the FOIA to obtain information that Dow Corning Corp. had supplied the Department of Health and Human Services (HHS) in connection with Dow's development and testing of liquid silicone products. Dow intervened and sought to prevent the release of information on the ground that it was confidential. The HHS eventually released some of the information to plaintiff based on our decision in Anderson v. Department of Health & Human Services, 907 F.2d 936 (10th Cir.1990). Shortly before the district court was to conduct an in camera inspection of the remaining disputed documents, the HHS released the documents to plaintiff. The HHS explained that Dow had decided not to market liquid silicone commercially and, therefore, was no longer asserting a claim of confidentiality. Dow then moved to dismiss the action as moot.
 
 
 5
 The district court held a hearing on Dow's motion, at which plaintiff acknowledged she had received all the requested documents and no substantive controversy as to the documents remained. Plaintiff was concerned, however, that dismissing the case as moot might deprive her of the right to seek attorney's fees under the FOIA. See 5 U.S.C. Sec. 552(a)(4)(E). The district court assured plaintiff that she could still pursue her fee application even if the merits of the case were dismissed as moot and specifically reserved the fee issue in its final order on the merits.
 
 
 6
 To be entitled to fees under Sec. 552(a)(4)(E), plaintiff must establish that she substantially prevailed in the litigation and that a fee award is otherwise justified. See, e.g., Aviation Data Serv. v. FAA, 687 F.2d 1319, 1321 (10th Cir.1982) (discussing the criteria for awarding attorney's fees under the FOIA). At the bottom of plaintiff's appeal of the district court's dismissal order is her fear that she will not be able to establish her entitlement to fees because "[t]he dismissal of the case as moot, prior to trial, may be interpreted as leaving the court to decide [plaintiff's] claim for attorneys' fees without reference to the underlying cause of action," Appellant's Br. at 9. This fear is unfounded.
 
 
 7
 Once the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot. Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir.1986); DeBold v. Stimson, 735 F.2d 1037, 1040 (7th Cir.1984); Webb v. Department of Health & Human Servs., 696 F.2d 101, 106 (D.C.Cir.1982). Plaintiff, however, argues that her claim for attorney's fees was part of the merits of her FOIA action because the claim arose under the FOIA, itself. Therefore, plaintiff reasons, the action could not become moot so long as the attorney's fee issue remained unresolved.
 
 
 8
 The Supreme Court has rejected the principal tenet of plaintiff's argument: "[W]e think it indisputable that a claim for attorney's fees is not part of the merits of the action to which the fees pertain." Budinich v. Becton Dickinson & Co., 486 U.S. 196, 200, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). The Court has further concluded that whether an application for fees is based on a statute or on decisional law is of no consequence; the fee issue is ancillary to the merits of the controversy and its pendency does not affect the finality of the merits resolution. Id. at 201-02, 108 S.Ct. at 1721-22.
 
 
 9
 Once the merits of plaintiff's FOIA action became moot, it was proper for the court to dismiss the action. Lovell v. Alderete, 630 F.2d 428, 430-31 (5th Cir.1980); Crooker v. Civil Div. of U.S. Dep't of Justice, 577 F.Supp. 1212, 1213 (D.D.C.1983). Dismissing the action as moot, however, did not affect plaintiff's right to seek attorney's fees; the fee request "survive[d] independently under the court's equitable jurisdiction." Carter, 780 F.2d at 1481.
 
 
 10
 Thus, in Dahlem ex rel. Dahlem v. Board of Education, 901 F.2d 1508, 1510 (10th Cir.1990), we held that our order dismissing the appeal as moot and directing the district court to vacate its judgment and dismiss the case did not deprive the district court of jurisdiction to hear the plaintiff's request for attorney's fees. "While a claim of entitlement to attorney's fees does not preserve a moot cause of action, the expiration of the underlying cause of action does not moot a controversy over attorney's fees already incurred." Id. at 1511 (citations omitted).
 
 
 11
 Not only may plaintiff pursue her request for attorney's fees even though the merits of the underlying controversy have become moot, but the court may (and must) refer to the merits of the underlying FOIA action in determining whether she is entitled to fees. See, e.g., Aviation Data Serv., 687 F.2d at 1322-24 (referring to facts of underlying action, which had been dismissed as moot, in determining whether grant of fees appropriate); Lovell, 630 F.2d at 430-34 (affirming dismissal of actions as moot and referring to their facts in determining whether denial of fees appropriate). Therefore, plaintiff need not fear that the district court's dismissal of her action as moot will negatively impact her right to obtain fees under the FOIA. We note the government's statement in its brief that, after dismissing the action, the district court permitted plaintiff to file and brief her application for fees; the parties are now awaiting the district court's decision on plaintiff's fee request.
 
 
 12
 We turn now to the district court's ruling that plaintiff could not conduct depositions in connection with her application for attorney's fees. At the hearing on Dow's motion to dismiss, plaintiff mentioned that she wanted to depose witnesses in connection with her intended application for attorney's fees. The district court said discovery was not necessary because the issues were purely legal. The court's denial of plaintiff's discovery request was incorporated into its order of June 29, 1992. Because that order constituted a final, appealable decision on the merits of plaintiff's FOIA claim, plaintiff believed it also constituted a final, appealable order on the discovery issue. Plaintiff was mistaken.
 
 
 13
 A discovery order is interlocutory and cannot be appealed until the proceeding to which it relates is concluded by a final, appealable decision. See Hooker v. Continental Life Ins. Co., 965 F.2d 903, 904 (10th Cir.1992) (per curiam); Westmoreland v. CBS, Inc., 770 F.2d 1168, 1172 (D.C.Cir.1985). Therefore, once the district court enters a final decision on plaintiff's application for fees, plaintiff may appeal the denial of discovery, if she so desires. Until then, the district court's ruling is interlocutory and not subject to appeal. Because we have no jurisdiction to review the court's ruling on discovery, we must dismiss this portion of plaintiff's appeal.
 
 
 14
 The judgment of the United States District Court for the District of Utah is AFFIRMED. That portion of the appeal that seeks review of the district court's ruling on discovery in connection with plaintiff's application for attorney's fees is DISMISSED for lack of jurisdiction.
 
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument