57 F.3d 1080
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Louis L. FRYDMAN, Plaintiff-Appellant,
v.
DEPARTMENT OF JUSTICE, Defendant-Appellee.
 No. 94-3255.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 ANDERSON
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises out of plaintiff's petition to obtain government records pertaining to him under the Freedom of Information Act (FOIA) and the Privacy Act. Plaintiff's petition was filed in 1978 and, since that time, proceedings have been ongoing in the district court. The district court entered its final judgment in the case on May 27, 1994. Frydman v. Department of Justice, 852 F.Supp. 1497 (D. Kan.1994). Plaintiff now appeals from that judgment, including the district court's denial of plaintiff's motion for attorney fees, its consideration of certain affidavits in support of a summary judgment motion, its denial of further discovery requests, and its rulings regarding specific answers to interrogatories. We affirm.
 
 
 3
 We review the district court's ultimate decision regarding the award of attorney fees in a FOIA case for abuse of discretion. Aviation Data Serv. v. FAA, 687 F.2d 1319, 1321 (10th Cir.1982).
 
 
 4
 Under the abuse of discretion standard "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. When we apply the 'abuse of discretion' standard, we defer to the trial court's judgment because of its first-hand ability to view the witness or evidence and assess credibility and probative value."
 
 
 5
 Moothart v. Bell, 21 F.3d 1499, 1504 (10th Cir.1994) (quoting McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir.1991)) (further quotation omitted).
 
 
 6
 A determination of whether to award attorney fees in a FOIA case involves a two-prong inquiry. First, the court must determine whether the movant is eligible to recover attorney fees and, second, whether the movant is entitled to attorney fees. Chesapeake Bay Found., Inc. v. United States Dep't of Agric., 11 F.3d 211, 215-16 (D.C.Cir.1993), cert. denied, 115 S.Ct. 315 (1994). To be eligible for fees, a party must have substantially prevailed. 5 U.S.C. 552(a)(4)(E). Case law teaches that eligibility is established if the party shows that (1) the lawsuit was reasonably necessary and (2) the litigation substantially caused the requested records to be released. See, e.g., Chesapeake Bay Found., 11 F.3d at 216. In this case, the district court found that plaintiff had substantially prevailed and, therefore, was eligible for recovery of attorney fees. Frydman, 852 F.Supp. at 1502-03. This finding of fact is not disputed on appeal.
 
 
 7
 Having established that plaintiff is eligible for an award of attorney fees, the next step is to determine whether he is entitled to fees. Eligibility does not automatically lead to entitlement. See Aviation Data, 687 F.2d at 1321.
 
 
 8
 It is well-settled that the allowance of such fees is within the discretion of the trial court. Although not exclusive the trial court, in the exercise of its discretion, should consider four factors or criteria as guidelines. These factors are: (1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought and (4) whether the government's withholding of the records had a reasonable basis in the law.
 
 
 9
 Id.
 
 
 10
 The district court considered the factors in connection with plaintiff's entitlement to attorney fees, as well as the discovery and evidentiary issues raised, and it concluded in a very detailed and carefully reasoned published opinion that plaintiff was not entitled to recover his attorney fees. Frydman, 852 F.Supp. at 1512. We have thoroughly reviewed the voluminous record on appeal, and we hold that the district court did not abuse its discretion in denying plaintiff's motion for attorney fees. Further, we find no error in the district court's rulings on the answers to interrogatories, admissibility of affidavits, and discovery issues.
 
 
 11
 Because the district court so thoroughly set forth its analysis of the issues, for us to go into analytical detail would be redundant. We AFFIRM the judgment of the United States District Court for the District of Kansas for substantially the same reasons set forth in the district court's opinion. Plaintiff's motion for sanctions is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470