80 F.3d 1500
 Celia ANDERSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, United States Food
and Drug Administration and Frank Young,
Defendants-Appellees,
Dow Corning Corporation, Defendant-Intervenor-Appellee.
 Nos. 94-4160, 94-4237.
 United States Court of Appeals,
Tenth Circuit.
 April 9, 1996.
 
 Appeals from the United States District Court for the District of Utah (D.C. No. 84-CV-861); Bruce S. Jenkins, Judge.
 
 
 1
 Ted D. Blanchard (Robert J. Debry and Edward T. Wells of Robert J. Debry & Associates, Salt Lake City, Utah, on the briefs), for Plaintiff-Appellant.
 
 
 2
 Stephen J. Sorenson, Assistant United States Attorney (Scott M. Matheson, Jr., United States Attorney, Salt Lake City, Utah, with him on the briefs), for Defendants-Appellees.
 
 
 3
 Burt A. Braverman and Todd G. Hartman of Cole, Raywid & Braverman, Washington, DC; Ray R. Christensen of Christensen, Jensen & Powell, Salt Lake City, Utah; Of Counsel: Harvey L. Steinberg of Dow Corning Corporation, Midland, Michigan, filed a brief on behalf of Dow Corning Corporation.
 
 
 4
 Before TACHA, LOGAN and REAVLEY,* Circuit Judges.
 
 
 5
 LOGAN, Circuit Judge.
 
 
 6
 These consolidated appeals stem from plaintiff Celia Anderson's Freedom of Information Act (FOIA) case. She appeals in No. 94-4160 the order granting in part and denying in part her application for attorney's fees and her request for discovery, and in No. 94-4237 the order awarding costs.
 
 
 7
 * This litigation is before this court for the third time. Plaintiff originally sued in state court for injuries allegedly caused by an injection of silicone manufactured by Dow Corning Corporation. To aid in her state suit, plaintiff (through her attorney) made an FOIA request to the Food and Drug Administration (FDA) for information Dow had provided the FDA concerning its development and testing of liquid silicone. The FDA refused plaintiff's request and the Department of Health and Human Services (HHS) affirmed the refusal. Plaintiff then filed an FOIA action, seeking to compel the FDA to disclose the documents. Dow intervened, and argued that the information was confidential and should not be released.
 
 
 8
 We summarized the later developments in the opinion disposing of the second appeal to this court as follows:
 
 
 9
 The HHS eventually released some of the information to plaintiff based on [the] decision in Anderson v. Department of Health & Human Services, 907 F.2d 936 (10th Cir.1990) [Anderson I ]. Shortly before the district court was to conduct an in camera inspection of the remaining disputed documents, the HHS released the documents to plaintiff. The HHS explained that Dow had decided not to market liquid silicone commercially and, therefore, was no longer asserting a claim of confidentiality. Dow then moved to dismiss the action as moot.
 
 
 10
 The district court held a hearing on Dow's motion, at which plaintiff acknowledged she had received all the requested documents and no substantive controversy as to the documents remained. Plaintiff was concerned, however, that dismissing the case as moot might deprive her of the right to seek attorney's fees under the FOIA. See 5 U.S.C. § 552(a)(4)(E). The district court assured plaintiff that she could still pursue her fee application even if the merits of the case were dismissed as moot and specifically reserved the fee issue in its final order on the merits.
 
 
 11
 Anderson v. United States Dept. of Health and Human Services, 3 F.3d 1383, 1384 (10th Cir.1993) (Anderson II ). We there affirmed the district court's finding that the dismissal of the merits of the case as moot did not "negatively impact her right to obtain fees under the FOIA." Id. at 1385. We stated that "[n]ot only may plaintiff pursue her request for attorney's fees even though the merits of the underlying controversy have become moot, but the court may (and must) refer to the merits of the underlying FOIA action in determining whether she is entitled to fees." Id. We then declined to address plaintiff's assertion that the district court had abused its discretion in denying her request to conduct discovery in connection with her planned application for attorney's fees. Because there was no final decision on plaintiff's application for attorney's fees, the discovery order in relation to the application was interlocutory and not appealable. We thus dismissed that portion of the appeal for lack of jurisdiction.
 
 
 12
 Plaintiff then asserted an attorney's fee claim for "632.5 hours in attorney's time, plus 320 hours in paralegal time, computed at reasonable market rates; other litigation costs incurred herein in the amount of $4,215.81; plus an enhancement or 'lodestar' based upon the contingent and difficult nature of the lawsuit, in an amount to be determined by the Court." App. (No. 94-4160) 157-58. She also requested discovery on the attorney's fee issue, which the district court denied. After a hearing, the district court found plaintiff substantially prevailed; but it reduced significantly the number of hours and hourly rate claimed in the fee application, awarding $20,000, representing 200 hours of work at $100 per hour. The district court awarded plaintiff some costs under 28 U.S.C. § 1920, but denied her application for additional costs under 5 U.S.C. § 552(a)(4)(E). These decisions are the subject of the instant appeals.
 
 II
 
 13
 Assessment of attorney's fees in an FOIA case is discretionary with the district court. Aviation Data Serv. v. FAA, 687 F.2d 1319, 1321 (10th Cir.1982).
 
 
 14
 "We reemphasize that the district court has discretion in determining the amount of a fee award." Hensley v. Eckerhart, 461 U.S. 424, 437 [103 S.Ct. 1933, 1941, 76 L.Ed.2d 40] (1983). In that process "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Id. "It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award." Id. Such explanations must "give us an adequate basis for review." Ramos [v. Lamm ], 713 F.2d at 552 [10th Cir.1983]. And, in reaching their determinations district courts must follow the guidelines established by the Supreme Court and this court. See, e.g., [ Pennsylvania v.] Delaware Valley [Citizens' Council for Clean Air, 478 U.S. 546], 106 S.Ct. 3088 [92 L.Ed.2d 439] [1986]; Blum v. Stenson, 465 U.S. 886 [104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)]; Hensley v. Eckerhart, 461 U.S. 424 [103 S.Ct. 1933, 76 L.Ed.2d 40]; Ramos v. Lamm, 713 F.2d 546. "[T]he benchmark for the awards under nearly all of ... [the statutes awarding fees] is that the attorney's fee must be 'reasonable.' " Delaware Valley [478 U.S. at 562], 106 S.Ct. at 3096.
 
 
 15
 Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1201 (10th Cir.1986) (some citations omitted). The lodestar figure--reasonable hours times reasonable rate--is the mainstay of the calculation of a reasonable fee. See Blum, 465 U.S. at 897, 104 S.Ct. at 1548.
 
 
 16
 We generally defer to the district court's judgment in reviewing an award of attorney's fees because it observes the attorney's work and "has far better means of knowing what is just and reasonable than an appellate court." Trustees v. Greenough, 105 U.S. 527, 537, 26 L.Ed. 1157 (1882). We will reverse the district court's attorney's fee award only if it is an abuse of discretion. Homeward Bound, Inc. v. Hissom Memorial Ctr., 963 F.2d 1352, 1355 (10th Cir.1992).
 
 
 17
 In applying for FOIA attorney's fees plaintiff must first establish that she is eligible for an award by showing that she "substantially prevailed" on her claim. 5 U.S.C. § 552(a)(4)(E). The court next determines whether a fee award is otherwise justified, using as a guide the following four factors: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in the law." Aviation Data Serv., 687 F.2d at 1321.
 
 
 18
 The district court here determined that plaintiff substantially prevailed, and then considered each of the entitlement factors. It first found that the disclosure will contribute to an informed citizenry which will affect future FDA decisions regarding silicone-based medical products. It also determined that plaintiff received no additional commercial benefit in pursuing the FOIA action after she obtained private access to the documents in her state court action. Concerning the nature of plaintiff's interest in the documents, the district court found that until she obtained the information through the discovery process in her state court claim, her primary motive was to help her recover damages in that action. "[Plaintiff's] secondary motivation during the initial period of the litigation, which became her primary motivation after the disputed documents were made available, was to make the public aware of the dangers of liquid silicone injections." App. (No. 94-4160) 55. Finally, the court found that the government had a reasonable basis for withholding the documents, in light of the fact the district court itself had found the documents exempt from disclosure before that decision was reversed in part on appeal. Id.; see also Anderson I, 907 F.2d at 951.
 
 
 19
 The court also addressed the government's argument that fees should not be assessed against the United States because the government was merely a "stakeholder," not a real party in interest. Although the government reviewed the documents plaintiff requested and determined that they were exempt from disclosure, under FDA regulations Dow then defended disclosure of the documents. 21 C.F.R. § 20.53. After Dow withdrew its claims of confidentiality the government promptly provided copies of the documents. The district court, however, distinguished the instant case from cases holding that an award of attorney's fees against the government was not appropriate for those phases of litigation in which the plaintiff was opposed solely by the nongovernment defendant, see, e.g., Love v. Reilly, 924 F.2d 1492, 1495-95 (9th Cir.1991), because here the government opposed disclosure of the documents throughout the litigation.
 
 III
 
 20
 * Plaintiff first asserts that the district court erred in disallowing the time claimed during the first three years of the FOIA litigation--the period during which the district court found that plaintiff was seeking the information primarily for her own state court action.[1] In Aviation Data Services, we concluded the court generally should not award attorney's fees in an FOIA case where the plaintiff's "self-interest was the primary factor in bringing the suit." 687 F.2d at 1322. We relied upon the fundamental purpose of the FOIA: to "provid[e] a method of informing the public as to governmental operations and not to enhance the private benefits of litigants." Id. A successful plaintiff is to be allowed attorney's fees in such a case "only upon a record which reveals a clear and positive public benefit from the disclosure or when government representatives have withheld information without any reasonable or colorable basis in the law." Id. at 1324.
 
 
 21
 The district court in the instant case essentially divided the litigation into two phases: the first three years, during which plaintiff pursued the FOIA action to further her state court case, and the second phase in which she pursued it to provide information to other potential victims-- e.g., for public benefit. We believe this was an appropriate division to make. Cf. Neece v. Internal Revenue Service, 41 F.3d 1396, 1401 (10th Cir.1994) (court allowed majority of requested fees for successful liability phase but reduced request for later phases in which plaintiff was unsuccessful). The court did not abuse its discretion in declining to award fees for 210.5 hours claimed for the first part of the litigation.
 
 B
 
 22
 Plaintiff asserts that the district court abused its discretion in further reducing the time claim by 180.5 hours. First, plaintiff argues that the district court improperly reduced these fees based on its finding that the government had a reasonable basis for withholding the documents. Our reading of the court's order is that the court applied the reasonable basis test appropriately, as one of the factors considered in whether to grant an attorney's fee award at all. Plaintiff attacks the district court's determination that the government had a reasonable basis in law for withholding records; but even though the district court made that determination, it found it should award attorney's fees. We do not read the district court's order as considering the government's basis for withholding records in deciding the amount of the fees awarded.
 
 
 23
 The district court gave two reasons for the reduction. First, the court stated that plaintiff did not prevail on all issues represented by these hours, "[f]or example, on her first appeal [she] obtained only part of the relief she sought." App. (No. 94-4160) 59. Second, "because the figure of 380.5 hours is such a rough estimate, not very detailed and not documented by contemporaneous time records." Id.
 
 
 24
 Plaintiff asserts that she did prevail in her first appeal, in which this circuit reversed the summary judgment for defendant and remanded for a particularized review of the documents. See Anderson I, 907 F.2d at 952. Although the circuit upheld denial of her Rule 60(b) motion to vacate the judgment, she argues on appeal that the denial was inconsequential. We agree with plaintiff that the district court understated the success of her first appeal.[2] But the attorney's fees claimed included time for filing the 60(b) motion and appealing its denial. Further, although the first appeal was the only example the district court gave of time expended on a matter on which plaintiff did not prevail, in its brief the government points out, and the record confirms, that plaintiff claimed time for other matters on which she did not prevail, including twenty-six hours in conjunction with a motion for reference to a master and twenty-two hours on the motion to allow discovery. See App. (No. 94-4160) 153-55.
 
 
 25
 The second reason the district court gave for reducing the hours claimed was the failure to keep contemporaneous records, which the court found resulted in a figure that was a "rough estimate." Id. at 58. Although a court may award an attorney's fee based on a reconstructed record, "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." Mares, 801 F.2d at 1203; see also Hensley v. Eckerhart, 461 U.S. 424, 438 n. 13, 103 S.Ct. 1933, 1942 n. 13, 76 L.Ed.2d 40 (1983) (approving substantial reduction in hours because of inexperience and lack of contemporaneous time records). Reconstructed records generally do not accurately reflect the actual time spent; and we have directed district courts to scrutinize such records and adjust the hours if appropriate. Ramos v. Lamm, 713 F.2d 546, 553 n. 2 (10th Cir.1983). In fact, a district court may totally deny a claim when no contemporaneous records were kept. See Carter v. Sedgwick County, Kansas, 929 F.2d 1501, 1506 (10th Cir.1991). Thus, although the district court could have been more precise in explaining this particular reduction in hours, we cannot conclude its determination was an abuse of discretion.
 
 C
 
 26
 Plaintiff asserts that the district court erred in awarding fees based on a rate of $100 per hour. The determination of the hourly rate is a finding of fact we review for abuse of discretion. See Metz v. Merrill Lynch, Pierce, Fenner & Smith, 39 F.3d 1482, 1493 (10th Cir.1994).
 
 
 27
 Plaintiff's lead counsel submitted an affidavit stating that he had reconstructed time records and that 632.5 hours were spent on 121 specific legal tasks. He told the court that he performed over eighty percent of the work, and that a reasonable rate for an experienced attorney was $150-$225 per hour. Plaintiff also produced an affidavit by another attorney who stated that a reasonable hourly rate for the plaintiff's lead counsel in this case would be $160-$180, and for an associate's time $100-$130. The district court stated that "it is unclear from [plaintiff's lead counsel's] affidavit whether the estimated attorney's hours were spent by [lead counsel] or one of his associates.... The court will therefore estimate the fee award at a rate of $100 per hour." App. (No. 94-4160) 59-60.
 
 
 28
 Plaintiff argues that there was no evidence contesting the reasonableness of the rates cited in the affidavit. Further, because plaintiff's lead counsel told the court that eighty percent of the claimed time was his, the judge's allowance of only $100 per hour for all of the allowed 200 hours was clearly erroneous.
 
 
 29
 Although the district court did not reveal its reasoning for awarding only the lower hourly rate, it obviously concluded that lead counsel did not do eighty percent of the work. To compensate for that inaccuracy it "estimate[d] the fee award" at the lower rate. Id. at 59. Because the record supports the court's finding that plaintiff estimated the entire attorney's fee request, we cannot conclude that using the lower rate was clearly erroneous.
 
 D
 
 30
 Asserting that the district court erred in denying any fee award for paralegal time, plaintiff cites our statement in Ramos that if "[paralegal] services are not reflected in the area rate, the court may award them separately as part of the fee for legal services. The court should scrutinize the reported hours and the suggested rates in the same manner it scrutinizes lawyer time and rates." 713 F.2d at 559. The district court declined to award any paralegal fees because they were "inadequately documented." App. (No. 94-4160) 60. The record reveals no documentation for paralegal time other than the lead counsel's statement that he estimated forty hours per year times eight years, and that the paralegals reviewed indexes and compilations of documents. Based on that record, the court may in its discretion deny the fees. See Carter, 929 F.2d at 1506.
 
 
 31
 In sum, we uphold the district court's fee award. We do feel constrained to note that a more detailed analysis of the fee application would have made our task of reviewing the fee award significantly easier.
 
 IV
 
 32
 Plaintiff also appeals the district court's denial of her motion to conduct discovery in support of her FOIA claim for attorney's fees. Plaintiff's request for discovery pertained to (1) why Dow withdrew its claims of confidentiality; (2) why the FDA took an inconsistent position in a California case in which it claimed the documents at issue were public documents; (3) the amount of Dow's attorney's fees; and (4) whether the FDA failed to meet its FOIA responsibilities to Dow. The district court stated that this court's decision in Anderson II rendered plaintiff's motion moot. While that may be a misstatement, we have examined plaintiff's requests for further discovery and fail to see how the information she seeks would be relevant to the amount of the fee award. The denial of further discovery was not an abuse of discretion.
 
 V
 
 33
 We next address plaintiff's appeal (No. 94-4237) of the district court's denial of her motion to tax costs under 5 U.S.C. § 552(a)(4)(E). We review an award of costs for an abuse of discretion. See Mares, 801 F.2d at 1208-09. The district court awarded plaintiff, in addition to $20,000 in attorney's fees, "costs allowed by law which she can itemize and verify in a timely bill of costs." App. (No. 94-4237) 46. Plaintiff timely filed a bill of costs, memorandum of costs and verification, and the district court awarded her $1380.74 in costs taxed by the court clerk pursuant to 28 U.S.C. § 1920.[3]
 
 
 34
 Plaintiff then filed a motion to tax $7241.90 in additional costs under 5 U.S.C. § 552(a)(4)(E). The additional costs requested included $1500 to draft an attorney's fee memoranda; $2640 paid to an attorney to review plaintiff's attorney's fee application and supporting affidavit; $2743.90 for experts to evaluate the Vaughn indexes that Dow offered in trying to keep documents confidential; $335 for a silicone implant seminar; and $23 for copies and a medline search. The court "found no factual or legal basis for awarding costs beyond those already included in the Taxation of Costs by the Chief Deputy Clerk," App. (No. 94-4237) 128, and ruled from the bench that the additional costs claimed "are matters that are subsumed in my opinion in the overall costs of doing business and are not the kinds of things that are allowable either under the statute [ § 1920] or under the expansive statute, FOIA statute." Id. at 125.[4]
 
 
 35
 On appeal, plaintiff asserts that the district court erred in denying her motion to tax costs under 5 U.S.C. § 552(a)(4)(E), which provides: "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." She asks us to hold that section authorizes an award for costs beyond those allowed under 28 U.S.C. § 1920, relying on Kuzma v. Internal Revenue Service, 821 F.2d 930 (2d Cir.1987). There the Second Circuit held that an award of costs under the FOIA is not limited to costs authorized under § 1920, rejecting the district court's determination that "the authorization in § 552 for 'other litigation costs' simply incorporated those costs that were already authorized under and enumerated in § 1920." Id. at 932. The Second Circuit reasoned that
 
 
 36
 when congress added subsection (a) to the FOIA in 1974, it intended that the phrase "other litigation costs" would add to the scope of costs already recoverable against the government under § 1920. Were we to accept the district court's interpretation of § 552 we would, in effect, excise the words "other litigation costs" from the statute by rendering them meaningless.
 
 
 37
 Id. The Kuzma court also relied upon congressional intent of § 552 "to encourage activity of 'private attorneys general' in furtherance of 'a national policy of disclosure of government information.' " Id. at 933 (citation omitted).
 
 
 38
 The government counters that Kuzma is undermined by two later Supreme Court cases. In Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987), the Court held " § 1920 defines the term 'costs' as used in [Fed.R.Civ.P.] 54(d)." In West Virginia University Hosps., Inc. v. Casey, 499 U.S. 83, 101-02, 111 S.Ct. 1138, 1148-49, 113 L.Ed.2d 68 (1991), the Court held that costs for experts in 42 U.S.C. § 1988 cases are limited to those allowed under 28 U.S.C. § 1920.[5] Plaintiff asserts Casey and Crawford do not affect Kuzma because both the language and legislative history of the statutes being interpreted are different.
 
 
 39
 We do not decide whether to adopt the Second Circuit's holding that costs are allowable under § 552(a)(4)(E) which would not be permitted under § 1920. There is another basis on which we must uphold the district court's ruling denying costs. First, a portion of the requested costs--the fees paid for work done by other attorneys--might have been allowable as attorney's fees had they been presented in that phase of the litigation, but they are not properly a cost item. Second, although the district court accepted the government's legal argument that § 552(a)(4)(E) is no broader than § 1920, in finding no "factual" basis for the award it agreed with the government's argument that the claimed costs were not "reasonably incurred." We cannot find the district court's conclusion that any items that might properly be considered costs were not reasonably incurred to be either clearly erroneous or an abuse of discretion.
 
 
 40
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation
 
 
 [1]
 Plaintiff argues that the district court's finding that plaintiff sought the information primarily for her own purposes was erroneous; plaintiff's affidavit is to the contrary. App. (No. 94-4160) 136-37
 
 
 [2]
 The district court stated that "[P]laintiff obtained only part of the relief she sought: the Tenth Circuit affirmed in part, reversed in part, and remanded the case so the district court could inspect the disputed documents and make its own evaluation about their confidentiality." App. (No. 94-4160) 59. Actually, the appeals court reversed and remanded the grant of summary judgment, and affirmed the denial of the Rule 60(b)(3) motion to vacate. Anderson I, 907 F.2d at 952
 
 
 [3]
 28 U.S.C. § 1920 provides:
 Taxation of costs
 A judge or clerk of any court of the United States may tax as costs the following:
 (1) Fees of the clerk and marshal;
 (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
 (3) Fees and disbursements for printing and witnesses;
 (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
 (5) Docket fees under section 1923 of this title;
 (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
 A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.
 
 
 [4]
 The district court also indicated that some of the costs requested were actually attorney's fees, and stated that even if he had jurisdiction as to the attorney's fees (which had already been appealed), "we dealt fairly in the matter with the attorney's fees based on the record and quite frankly, the terrible inadequacies of the recordkeeping that went into that particular matter." App. (No. 94-4237) 125
 
 
 [5]
 Casey was legislatively overruled by Congress, which passed a law that attorney's fees in a civil rights case may include expert fees. See Landgraf v. USI Film Prods., --- U.S. ----, ----, 114 S.Ct. 1483, 1490, 128 L.Ed.2d 229 (1994)