FILED
United States Court of Appeals
Tenth Circuit

April 28, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WESTERN ENERGY ALLIANCE,

Plaintiff - Appellant,

v.

U.S. FISH AND WILDLIFE SERVICE,

Defendant - Appellee.

No. 14-1435
(D.C. No. 1:13-CV-02811-MSK)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **PHILLIPS**, Circuit Judges.

Western Energy Alliance (WEA) appeals a district court order denying its

motion for attorney fees and costs incurred in an action against the United States Fish

and Wildlife Service (FWS) under the Freedom of Information Act (FOIA), 5 U.S.C.

§ 552.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

WEA is a non-profit, regional trade organization that represents 400 companies engaged in exploration and production of oil and natural gas in the western United States. Among other things, WEA focuses on issues related to the Endangered Species Act (ESA), because "ESA listings can severely curtail [exploration and production] in certain areas, whether on federal or private lands." Aplt. App., Vol. I at 274.

WEA submitted a FOIA request to FWS in May 2013, seeking records related to the peer review of the Greater Sage-grouse Conservation Objectives Final Report (Report). The Report was compiled by a team of FWS and state representatives organized to develop conservation objectives for the sage-grouse. When FWS failed to comply with the FOIA request, WEA followed up by letter in June 2013, and ultimately filed this action in October 2013.

The parties stipulated to the dismissal of the case in January 2014, as FWS had released all information responsive to WEA's FOIA request. The stipulation reserved the district court's jurisdiction over a motion by WEA for attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E). That section provides: "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." *Id.*

The district court denied WEA's motion. While initially finding that WEA was eligible for an award of fees because it had substantially prevailed in the litigation, the court found that other relevant criteria did not weigh in favor of an award. The district court considered four factors: "(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought[;] and (4) whether the government's withholding of the records had a reasonable basis in the law." *Aviation Data Serv. v. F.A.A.*, 687 F.2d 1319, 1321 (10th Cir. 1982). It concluded that the first three factors weighed against a fee award. And although it found that FWS did not have a reasonable basis in law for withholding the FOIA materials, that factor did not overcome the weight of the other three. The court therefore denied WEA's motion.

## II. Discussion

We review a district court's denial of fees for an abuse of discretion. *See id.* at 1321 ("It is well-settled that the allowance of such fees is within the discretion of the trial court."). "Under the abuse of discretion standard, the decision of a trial court will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1058 (10th Cir. 2004) (internal quotation marks omitted). "We will find an abuse of discretion when the district court bases its ruling on an erroneous

conclusion of law or relies on clearly erroneous fact findings." *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1192 (10th Cir. 2015) (internal quotation marks omitted). "A finding of fact is clearly erroneous if it is without factual support in the record or if, after reviewing all of the evidence, we are left with the definite and firm conviction that a mistake has been made." *Id.* (internal quotation marks omitted).

WEA argues the district court abused its discretion by making clearly erroneous factual findings in assessing the relevant factors for awarding attorney fees and that FWS's obduracy and pattern of bad behavior entitle WEA to a fee award notwithstanding the other factors considered.

In assessing the first factor—public benefit—"a court should take into account the degree of dissemination and likely public impact that might be expected from a particular disclosure." *Aviation Data Serv.*, 687 F.2d at 1323. The question is whether "the award would merely subsidize a matter of private concern," or in contrast, "the complainant's victory is likely to add to the fund of information that citizens may use in making vital political choices." *Id.*

The district court assessed the degree of WEA's dissemination of the FOIA materials and the likely public impact of the disclosure. It found that, "[a]lthough WEA nakedly alleges that its use of the material will benefit the public, there is no demonstration that the documents were disseminated for the benefit of the 'public' as opposed to the benefit of only WEA's dues-paying members." Aplt. App., Vol. II at 404. The court concluded that, even if the materials WEA obtained from FWS would

be of substantial public interest, this factor weighed against a fee award because "WEA has used the material exclusively for the benefit of its members and failed to disseminate it to the public." *Id.*

WEA contends that the district court failed to consider its evidence of public dissemination and overlooked the public benefit resulting from the release of the FOIA materials. It asserts that "information regarding peer review on the . . . Report will be extremely influential in land use decisions and regulatory measures in the West for decades to come." Aplt. Opening Br. at 14. WEA ignores that the district court *assumed* that the FOIA materials would be of substantial public interest. But it found that WEA failed to demonstrate it had disseminated the records to the public.

In arguing that finding is clearly erroneous, WEA points to the following language from the affidavit it submitted in support of its motion:

> The Alliance has made the information obtained from its FOIA request available to its members and the general public. The Alliance has shared the information received [with] stakeholder groups; referenced the information in correspondence to Interior Secretary Sally Jewell and Colorado Governor John Hickenlooper and in comments submitted to the BLM and U.S. Forest Service in Colorado, Utah, Idaho, Montana, North Dakota and Nevada. The Alliance has also used the information to craft recommendations to the State of Colorado regarding responsible greater sage-grouse conservation.

Aplt. App., Vol. I at 65, ¶ 11. The district court did not abuse its discretion in concluding these averments failed to demonstrate public dissemination. Aside from the bald assertion that WEA made the information "available to . . . the general public," *id.*, the statement addresses only WEA's use of the information in its

advocacy on behalf of his members. And while WEA cites other evidence that it contends demonstrates public dissemination, it failed to present that evidence to the district court.[1] We cannot find an abuse of discretion based on the district court's failure to consider evidence that was not in the record before it.

The district court found that WEA's use of the FOIA materials also informed its analysis of the second and third factors—the commercial benefit to WEA and the nature of WEA's interest in the records sought. It concluded that WEA achieved a benefit for its members by obtaining the requested materials, and it reiterated that WEA used them solely to support its members' interests. The court further found there was no need to award attorney fees to WEA because its "'private self-interest motive' is sufficient to insure the vindication of the rights given in the FOIA." *Id.*, Vol. II at 405 (internal quotation marks omitted); *see also Aviation Data Serv.*, 687 F.2d at 1322 (noting where litigation is brought to advance private commercial interests, "there is usually no need to award attorney's fees to insure that the action will be brought").

WEA argues the district court abused its discretion by failing to consider evidence that WEA is a nonprofit, regional trade organization that focuses on federal

---

[1] WEA asserts that the record shows it made the FOIA information available on publicly accessible internet pages, but its record citation does not support that claim. WEA also provides links to a television station's online news stories about the Report. But it does not demonstrate that this evidence was presented to the district court. Nor do these news stories show dissemination of the FOIA materials as opposed to the Report itself.

legislative, regulatory, environmental, public lands and other policy issues. As such, it asserts that it has no "commercial" interest in information relative to the peer review of the Report. But WEA does not cite any case precluding the district court from considering, as a factor in denying a fee award, the private benefit derived by a nonprofit entity in obtaining information pursuant to a FOIA request. The purpose of FOIA is "not to enhance the private benefits of litigants." *Id.* at 1322. Rather, "the court generally should not award attorney's fees in an FOIA case where the plaintiff's self-interest was the primary factor in bringing the suit." *Anderson v. Sec'y of Health & Human Servs.*, 80 F.3d 1500, 1505 (10th Cir. 1996) (internal quotation marks omitted).

To be sure, a private benefit to the plaintiff in obtaining disclosure under FOIA does not preclude a fee award "if the record discloses an adequate public benefit from the enforced disclosure of the material." *Aviation Data Serv.*, 687 F.2d at 1322. WEA argues that the benefit it derived from the FOIA materials was negligible, and by disclosing the materials WEA "added significantly to the public discourse on agency science used in the land use management decisions related to the [sage-grouse]." Aplt. Opening Br. at 18. But WEA has not demonstrated that the district court's contrary findings are clearly erroneous.

The district court determined that the fourth factor—the government's basis for withholding the records—weighed in favor of a fee award based on FWS's admission that it failed to respond to the FOIA request before this action was filed.

The court noted that FWS blamed its delay on an internal processing error and an inopportune employee vacation. The court concluded, "It is difficult to divine a 'reasonable basis in law' that could support the government's delay." Aplt. App., Vol. II at 406. But "because three of the four factors weigh[ed] against an award, and FWS cooperated in resolving the matter quickly after litigation commenced, the Court [found] that an award of attorney fees [was] not justified in this case." *Id.* The district court further concluded that the balance of factors was not overcome by a showing that FWS had acted in bad faith. *See Aviation Data Serv.*, 687 F.2d at 1322 (noting fees may be awarded, despite commercial benefit to the plaintiff, if agency acted in bad faith). WEA contends that the government's obduracy can tip the balance in favor of a fee award, and argues that FWS's egregious neglect of its duties supports an award. But WEA fails to show that the district court abused its discretion in finding that FWS did not act in bad faith or in declining to give this final factor greater weight that the others combined.

## III. Conclusion

The judgment of the district court is affirmed.

Entered for the Court


Mary Beck Briscoe
Chief Judge